[Civ. No. 11564. Second Appellate District, Division One.—December 31, 1938.]

EMMA R. TIMM, Respondent, v. ALICE B. McCARTNEY, Appellant.

Henry G. Bodkin for Appellant.

Tanner, Odell & Taft for Respondent.

WHITE, J.—This is an appeal from a judgment of the Superior Court of Los Angeles County entered upon a verdict for plaintiff on the first cause of action contained in her amended complaint by which she sought to recover the amount paid by her to defendant under the terms of a contract for the purchase of real property. Plaintiff's first cause of action, which is the only one before us on this appeal, sets forth that by reason of the affirmance by the Supreme Court of a judgment in the case of *McCartney* v. *Campbell et al.*, 216 Cal. 715 [16 Pac. (2d) 729] (hereinafter referred to as action No. 129–142), defendant was obligated, but failed to convey certain described premises to plaintiff; that while said judgment was pending on appeal and before the same became final, defendant, Mrs. McCartney, had placed it beyond her power to convey the property in question to plaintiff by transferring the same to one C. E. McDowell; wherefore plaintiff sought to recover on the first cause of action of her amended complaint, and received a judgment for, the amount of the original purchase price paid by her for the lots, together with interest thereon.

For a better understanding of the issues presented upon this appeal, an epitome of the facts will prove helpful. From the record before us, it appears that on or about April 17, 1918, appellant, Alice G. McCartney, was the owner of a tract of land in the harbor district of the city of Long Beach in the county of Los Angeles. On that day she entered into a contract with A. P. Campbell which constituted both a selling agency and a purchase contract. The character of the contract is determined and settled in action No. 129–142, *supra*. This contract was by mutual agreement assigned to Campbell-Bentley Company, and that company sold to Charles J. Timm and his wife, Emma R. Timm, the latter of whom is the respondent here (her husband having died, she succeeded to his interest in the contract), two lots on partial payment contracts. The original contract between appellant and Campbell was subsequently again assigned by Campbell-Bentley Company to McCalla Company, and finally became the property of E. E. McCalla. Upon completion of their instalment payments, Mr. and Mrs. Timm made demand upon appellant, Mrs. McCartney, record owner of the property, for a deed to the lots. Refusing to execute such deed, Mrs. McCartney instead declared a forfeiture of the original Camp-

bell-McCalla sales agency and purchase contract, for nonpayment of a balance allegedly due her from McCalla and brought an action to quiet title, including in such action the lots upon which the Timms had made payments and allegedly purchased. In this quiet title proceeding Mrs. McCartney took the position that the original Campbell contract was not an agency contract, but only a sale and purchase agreement, and that such contract, not having created an agency between herself, Campbell and his successors and assigns, she was not bound to convey to Mr. and Mrs. Timm or to others who had purchased lots from Campbell or his successors. In that case (action No. 129–142, *supra*) it was decided that Campbell and his successors were Mrs. McCartney's agents. The judgment in that case, as finally affirmed by the Supreme Court of California, expressly provided that appellant herein, Mrs. McCartney, who was plaintiff therein, should take nothing against any of the defendants, including respondent Mrs. Timm, except as in said judgment provided, and which exceptional provisions adjudged that there was, due from E. E. McCalla, one of the defendants in that action, to Mrs. McCartney, the sum of $7,796.60 on the Campbell contract, with interest from May 1, 1921, and that when said sum should be paid, plaintiff McCartney should convey all of the property to McCalla except, among others, the Timm lots. The judgment provided that Alice G. McCartney should then "duly execute and deliver to the defendant, Mrs. Charles J. Timm, a good and sufficient grant deed, conveying to her, the said Mrs. Charles J. Timm, free and clear of all encumbrances except unpaid taxes and assessments, which became a lien thereon subsequent to the first day of May, 1921", those parcels bought by the Timms.

In this last-named litigation C. E. McDowell, hereinbefore mentioned as the party to whom Mrs. McCartney transferred the property, was one of counsel for McCalla, who as assignee was the then holder of the original Campbell contract. The Timms, who were codefendants of McCalla in the quiet title action, were not represented therein by attorney McDowell, but appeared by separate counsel. During the pendency of Mrs. McCartney's appeal in the Supreme Court in the quiet title action, attorney McDowell received a deed of conveyance from his client, McCalla, transferring to McDowell all of McCalla's interest in the property, and McCalla then sought

relief in bankruptcy. In June, 1928, while the appeal was still pending in the Supreme Court, and after McDowell had obtained the deed from McCalla, the former commenced negotiations with Mrs. McCartney looking toward a settlement of that litigation, and on July 9, 1928, entered into an agreement with Mrs. McCartney, appellant herein, to pay her a certain sum of money, and to quitclaim to her all of his interest in a portion of the property involved, and Mrs. McCartney agreed on her part to convey to McDowell all of her title in other portions of the property, among which were the lots that respondent herein, Mrs. Timm, and her husband had contracted to purchase. This settlement between McDowell and appellant was perfected without consulting or obtaining the consent of Mrs. Timm, the respondent herein. Under the terms of that settlement, Mrs. McCartney composed her claims to $7,796.60 and for the taxes as provided in the judgment then pending on appeal, and agreed to dismiss such appeal, pursuant to which the appeal was later dismissed as to certain parties thereto, but not in so far as respondent herein, Mrs. Timm, was concerned. Following the consummation of the settlement agreement between McDowell and Mrs. McCartney it appears that the former commenced negotiations with the respondent herein, Mrs. Timm, and other lot purchasers named in the quiet title suit then pending on appeal, with the object in view of compromising their claims. Finally Mrs. Timm signed a letter addressed to McDowell, in which letter she stated that if McDowell could obtain title in himself to her lots, she would accept from him a portion of them and he could retain the remainder under certain terms and conditions. Later Mrs. Timm repudiated this letter on the ground that it was not in accord with the representations McDowell had made to her as to what it would contain, and that she, relying upon his representations, had not read the letter at the time she signed it. Another instrument was drafted by Mr. McDowell, but Mrs. Timm refused to sign it because she claimed it did not contain all the terms originally agreed upon. Meanwhile, McDowell received from Mrs. McCartney a deed conveying to him the property named in the McDowell-McCartney settlement, and which deed included the so-called Timm lots, while Mrs. McCartney received from McDowell a quitclaim deed to the remainder of the properties and some cash.

About this time Mrs. Timm substituted her present counsel and proceeded to file a brief in action No. 129–142, *supra,* in the Supreme Court. Thereupon Mr. McDowell had himself substituted as a party plaintiff in the same litigation as the alleged owner of the property conveyed to him by Mrs. McCartney and filed a brief urging a reversal of the judgment which he as attorney for McCalla had obtained against Mrs. McCartney. We call attention to this last-named factual situation in connection with the matter of notice on the part of McDowell, and to which notice, if any, upon his part we must give consideration later in this opinion.

Upon the first trial of the cause now before us, the trial court sustained defendant Mrs. McCartney's objection to introduction of evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action and entered judgment for Mrs. McCartney. Upon appeal this judgment was reversed. (*Timm v. McCartney,* 9 Cal. App. (2d) 230 [49 Pac. (2d) 315].) Respondent's contention that this decision on appeal becomes the law of the case is without merit, except that the decision did become the law of the case only to the effect that the first cause of action of the amended complaint now before us states a cause of action. It is well established that the law of the case principle applies only to the facts appearing in the original opinion. As a matter of fact, the decision of the District Court of Appeal contains the following language: "Certain defenses are set up by the defendant in an answer and there may be other defenses when the pleadings are finally formed and the issues joined; indeed, there may be several meritorious defenses to the plaintiff's cause of action, but we are discussing a ruling of the court which amounts to the sustaining of a general demurrer without leave to amend, and such defenses do not appear upon the face of the complaint. The first count of the complaint states a cause of action. . . . " The issues presented by the affirmative defenses contained in the answer were new, were not passed upon at the first trial, and are not foreclosed by the reversal of the former judgment in this case.

By her answer filed in the instant case, defendant, Mrs. McCartney, put in issue eleven separate and affirmative defenses: (1) that McDowell took title from Mrs. McCartney with knowledge of and subject to plaintiff's rights and was bound by the judgment, and was substituted in the action

in the place of Mrs. McCartney; hence the clerk of the court could have issued a deed binding upon McDowell and passing good title to Mrs. Timm had she demanded it and complied with the terms of the judgment; (2) that prior to the conveyance to McDowell, Mrs. Timm agreed with McDowell in writing to a settlement whereby she authorized the conveyance, and was therefore estopped; (3) that by a modification of the judgment entered by stipulation Mrs. McCartney was not required to make a deed unless she was reimbursed for taxes paid pending the litigation; (4) that the judgment is a bar to this suit; (5) that heretofore Mrs. Timm had sued McDowell as successor to Mrs. McCartney upon the same cause of action as herein set forth and had dismissed that suit with prejudice; (6) that Mrs. Timm had settled and compromised her claims with McDowell as successor to Mrs. McCartney; (7, 8, 9, 10, 11) that the cause of action was barred, respectively, by subdivision 1 of section 337, subdivision 2 of section 338, subdivision 1 of section 339, section 343, and section 318, of the Code of Civil Procedure.

█ Appellant contends that when respondent and her husband made their original demand for a deed and the same was refused by appellant, Mrs. McCartney, who instead filed a suit to quiet title to the lots claimed by respondent, the latter had two alternatives—first, to rescind the contract and sue to recover the purchase money paid on the purchase price, or second, to sue for damages suffered by reason of the vendor's refusal to perform the contract. (*Milton Realty Co.* v. *Butterfield*, 87 Cal. App. 772 [262 Pac. 419]; *Craig* v. *White*, 187 Cal. 489 [202 Pac. 648]; *Buckmaster* v. *Bertram*, 186 Cal. 673 [200 Pac. 610].) Therefore, asserts appellant, when respondent filed an answer in the heretofore mentioned quiet title suit (action No. 129–142, *supra*), in which respondent sought affirmative relief, to wit, specific performance of the contract for the sale and purchase of her lots, she thereby made an election of remedies and is now barred from bringing the instant action for rescission and to recover the money paid by way of purchase price. Conceding the correctness of these abstract principles of law, the answer nevertheless to appellant's contention in the present case is that the cause of action now before us is not based on a breach of the original contract, but is predicated on a breach of the obligation to convey the lots that were ordered to be conveyed by the judg-

ment entered in said action No. 129–142. The rule in this regard is thus stated in 34 Corpus Juris at page 755: ''As a general rule the recovery of a judgment creates a new debt or liability, distinct from the original claim or demand, and this new liability is not merely the evidence of the creditor's claim, but is thereafter the substance of the claim itself.'' After the rendition of the judgment in action No. 129–142, *supra*, in which action respondent here sought specific performance. of her contract with Mrs. McCartney and at which time the latter held the property, it became her duty to convey the property bought and paid for by respondent Mrs. Timm when certain asserted and established claims urged by Mrs. McCartney and set forth in the judgment were paid and discharged. However, when her claims were compromised, appellant, Mrs. McCartney, instead of complying with the obligation imposed upon her by the judgment in action No. 129–142, *supra*, conveyed the lots in question to Mr. McDowell while the cause was on appeal, and thus put it beyond her power to comply with the terms of the judgment. The question then arises as to whether appellant here, having put it out of her power to carry out the terms of the judgment may retain the money paid on account of the purchase price of the lots. We hold that Mrs. McCartney should not be permitted to convey the land to someone other than the purchaser thereof and still retain the purchase money. Even though respondent did undertake in action No. 129–142, *supra*, to enforce specific performance of her contract, nevertheless, when it appeared that after such judgment became final appellant herein refused to comply with the terms thereof by delivering up the property in question upon the settlement of her claims as provided for in the judgment, and when she based her refusal upon the ground that after the entry of the judgment and while it was pending on appeal she had disposed of the property, then respondent herein was entitled to avail herself of her right of action to recover the purchase price. Until the judgment for specific performance was satisfied, it was no bar to subsequent action for rescission and recovery of the purchase money.

Appellant's contention that McDowell took the property subject to the judgment in action No. 129–142, *supra*, and that therefore Mrs. Timm could have demanded a deed from McDowell, and should he refuse such deed recourse could

have been had under the judgment to the court for a commissioner's deed, is answered by the statement that respondent herein was entitled to a deed from Mrs. McCartney upon satisfaction of the latter's claims as enumerated in the judgment. Respondent herein, as vendee under the purchase contract, was not required to accept the property subject to any claims McDowell might assert against it. She was entitled to a deed from Mrs. McCartney, and when the latter placed it without her power to execute such a deed with its accompanying warranties, every principle of justice, equity and right dictates the existence of an obligation upon her part to return the purchase price.

Appellant next contends that the first cause of action in respondent's claim herein is barred by the statute of limitations. This claim is without merit, because it is at once apparent that the cause of action now before us did not rise until subsequent to the entry of judgment in action No. 129–142, *supra,* and at the time when it became the duty of Mrs. McCartney, pursuant to the terms of the judgment, to deed the lots to Mrs. Timm. The instant litigation is based on a new set of facts not existing at the time of the former judgment. (*Silva* v. *Reclamation District No. 1001,* 41 Cal. App. 326 [182 Pac. 786].) It was the violation of the new obligation contained in the judgment which gave rise to the instant cause of action.

It is next urged by appellant that respondent was barred from maintaining this action by reason of the terms of a contract dated November 8, 1928, in the form of a letter which provided that if McDowell could get respondent's title to certain property involved, she would quitclaim the rest of the property she was to get under the judgment to McDowell. In support of this claim it is asserted that Mrs. McCartney, with the knowledge of respondent, relied on said settlement in making her settlement with McDowell. Testimony with reference to the nature of and the circumstances surrounding the signing of this letter is in sharp conflict. There was testimony presented to the jury that the letter in question was signed by the plaintiff without reading the same, in the belief, induced by the allegedly fraudulent representations of McDowell, that the provisions of such letter were different from those actually contained therein. The state of the evidence was such that the trial court was warranted in giving an in-

struction to the effect that if the jury believed respondent's testimony they would be warranted in finding that such agreement was not binding upon the plaintiff. By their verdict the jury resolved this conflict in favor of respondent and against appellant. There was substantial evidence, which, if believed by the jury, would warrant such a finding, and we cannot disturb it. There is also evidence in the record that McDowell and appellant, Mrs. McCartney, had already agreed upon a settlement before the letter in question was written and that consequently appellant did not rely upon it when she made her bargain with McDowell.

Appellant's contention that the alleged agreement between McDowell and respondent and the agreement between McDowell and Mrs. McCartney amounted to a novation, which relieved Mrs. McCartney of any obligation to return any money paid under the original contract between her and respondent, cannot be sustained, for the reason that, as heretofore stated, the jury found, upon competent evidence, that respondent was never a party to any agreement providing for the substitution of a new obligation for an existing one in so far as she and appellant, Mrs. McCartney, were concerned. A novation must be a substitution of a new obligation between the same parties, with intent to extinguish the old obligation. (Civ. Code, secs. 1530, 1531.) These requisites are not here present.

Finally, appellant urges that the court erred in giving certain instructions. We have carefully considered appellant's assignments of error with reference to the instructions given, have examined the challenged instructions, and find therein nothing prejudicial to appellant's rights in so far as respondent's first cause of action, which alone is before us and is the only one upon which respondent prevailed, is concerned. The instructions as a whole correctly instructed the jury as to the law of the case.

For the foregoing reasons, the judgment is affirmed.

York, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 27, 1939.