356 P.2d 919

**Franklin S. KIMBALL, Sr., Plaintiff-Appellant,**

v.

**Josephine M. KIMBALL, Defendant-Respondent.**

No. 8913.

Supreme Court of Idaho.

Nov. 4, 1960.

Furey & Furey, Salmon, for appellant.

Fred H. Snook, Salmon, for respondent.

**14**

McFADDEN, Justice.

Appellant, as plaintiff, was granted decree of divorce from respondent December 11, 1958. The decree, in addition to granting the divorce in part provided:

" (2) That the property settlement agreement dated 5th day of December, 1958, and a true copy of which is attached hereto as Exhibit 'A' and by reference made a part hereof, be and the same is hereby approved and ratified and the property of the parties is ordered divided between them as provided in said property agreement, and the parties are specifically ordered to do and perform all things required of them by said property settlement agreement."

The property settlement agreement among other things provided:

"Thirteenth: Husband hereby agrees to pay to wife in consideration of the transfers hereinafter made by her, the sum of Twenty-Five Hundred Dollars, ($2,500.00), payable forthwith, but in no event later than January 15, 1959; and the sum of One Hundred and Fifty Dollars ($150.00) on or before the 5th day of each and every month, commencing on the 5th day of January, 1959, and such payments shall continue until the wife shall remarry or die."

The Twenty-five Hundred Dollar ($2,500.00) payment, and all monthly payments including that due November 5, 1959, were made. Appellant applied for modification of the terms of the decree, claiming in his affidavit that there had been a material, substantial and permanent change of circumstances of the parties. His affidavit for modification showed that his monthly income, which at the time of the entry of the decree was $794, had been reduced to $505; that his expenses, which at the time of entry of the decree were nominal, had been increased to the point where his present income was insufficient to meet his obligations, and that since entry of the decree he had remarried and was supporting his new wife and her dependent son.

The trial court denied and dismissed Appellant's application for modification and

ordered appellant to pay $150 attorney's fees, and that the parties comply with the terms of the property settlement agreement, stating "the court is without authority to modify the property settlement agreement referred to in the Decree." Appellant assigns as error the court's holding and order in each of these particulars.

Appellant's position is that the trial court having approved and ratified and incorporated the settlement agreement into the decree by reference and it being attached to the decree with its order the parties comply with the terms of the agreement, that the settlement agreement became merged into the decree; that by reason of such a merger the trial court pursuant to I.C. § 32–706 had authority to modify the support and maintenance provisions of the agreement.

The main issue presented is not whether there is such a merger that the court may modify the provisions as to the monthly payments, but whether the monthly payment provision contained in the agreement is such a divisible portion of the property settlement agreement that modification of such provision would not affect the property settlement agreement as a whole.

This court has recognized the authority of the trial court to modify provisions of decrees providing *for support and maintenance* of the wife, under I.C. § 32–706 which inter alia provides " * * *

and the court may, from time to time, modify its orders in these respects." Humbird v. Humbird, 42 Idaho 29, 243 P. 827; but this authority to modify cannot be extended to modification of *an agreement* of the parties; for only when there has been a merger of the agreement into the decree itself does the court have the authority to make such a modification, and any modification is then of the court's order and not of the agreement. Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662.

Merger of the agreement of the parties into the decree has been defined in the case of *Flynn v. Flynn*, 42 Cal.2d 55, 265 P.2d 865, 866, as follows:

"Merger is the substitution of rights and duties under the judgment or the decree for those under the agreement or cause of action sued upon. See, Restatement, Judgments, § 47, comment a; Hough v. Hough, 26 Cal.2d 605, 610, 160 P.2d 15; Timm v. McCartney, 30 Cal.App.2d 241, 248, 85 P.2d 920. The question as to what extent, if any, a merger has occurred, when a separation agreement has been presented to the court in a divorce action, arises in various situations." * * *

"In any of these situations it is first necessary to determine whether the parties and the Court intended a merger. If the agreement is expressly set out in the decree, and the court orders that it

be performed, it is clear that a merger is intended. Plummer v. Superior Court, 20 Cal.2d 158, 165, 124 P.2d 5; Lazar v. Superior Court, 16 Cal.2d 617, 620, 107 P.2d 249. On the other hand, the parties may intend only to have the validity of the agreement established, and not to have it become a part of the decree enforceable as such. See, Plummer v. Superior Court, 20 Cal.2d 158, 164, 124 P.2d 5; Howarth v. Howarth, 81 Cal.App.2d 266, 272, 183 P.2d 670; Baxter v. Baxter, 3 Cal.App.2d 676, 685, 40 P.2d 536; Schnerr v. Schnerr, 128 Cal.App. 363, 368, 17 P.2d 749. Whether or not a merger is intended, the agreement may be incorporated into the decree either expressly or by reference. If a merger is not intended, the purpose of incorporation will be only to identify the agreement so as to render its validity res judicata in any subsequent action based upon it. Howarth v. Howarth, 81 Cal.App.2d 266, 272, 183 P.2d 670; Baxter v. Baxter, 3 Cal.App.2d 676, 685, 40 P.2d 536; see, Queen v. Queen, 44 Cal.App.2d 475, 479, 482, 112 P.2d 755. If a merger is intended, the purpose of incorporation is, of course, to make the agreement an operative part of the decree. * * *"

Did the parties and the court here intend that a merger of the agreement into the decree be affected? The court, by ordering the parties to comply with the terms of the agreement in its original decree was doing more than merely approving and ratifying the agreement. The agreement itself provided:

"Ninth: The provisions of this agreement, other than those contained in such preceding paragraphs as shall therein provide a limited term, shall be deemed final and conclusive as to all rights of the parties thereto, and in case a divorce is obtained by either party hereafter, such provisions shall be conclusive and binding upon both parties in such action, and the provisions of this agreement, subject to the approval of the court, shall be made a part of the final judgment of divorce to be entered in such action."

From the provisions of the agreement itself, it clearly appears that the parties fully intended that subject to the court's approval such agreement was to be made a part of the decree. The requirements mentioned in Flynn v. Flynn (supra), as to the parties and court both intending a merger are met.

■ Where there is no merger, then the contract itself governs, and the terms of the contract being otherwise valid are not subject to being re-written or modified by the court, without consent of both parties. Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662; Adams v. Adams, 29 Cal.2d 621, 177 P.2d 265; Dexter v. Dexter, 42 Cal.2d 36, 265 P.2d 873; Plumer v. Plumer, 48 Cal.

2d 820, 313 P.2d 549. However, even if there is such a merger, that alone is not sufficient to authorize modification of the decree by the court. When monthly payments, as are contained in paragraph Thirteen, thereof are actually integrated into the contract for division of property, the agreement, for monthly payments, if not fraudulently made, is binding, and is not subject to modification. Adams v. Adams, supra; Dexter v. Dexter, supra; Plumer v. Plumer, supra.

Only where such payments are separable from the provisions of the agreement relative to the division of property, or where the payments are for support and maintenance and are not so integrated that such constitute reciprocal consideration for the division of property, can the court make such modification. Adams v. Adams, supra.

This principle has been recognized by this court, in McHan v. McHan, 59 Idaho 496, 502, 84 P.2d 984, 986, wherein it is stated:

"The primary question appears to be whether or not the provision contained in the decree, providing for the payment of $35.00 per month, was in settlement of property rights, or, was an allowance to the wife for her support, as contemplated by section 31–706 I.C. A., * * *."

In the McHan case, the court examined the agreement which was the basis of its decree and found the provision dealing with support and maintenance was divisible from the provision for division of the property, and held that the decree could be modified insofar as the monthly support payments were concerned.

An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. In Plumer v. Plumer, 48 Cal.2d 820, 313 P.2d 549, 552, the Court said:

"An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement. (Citing cases.)"

The agreement here, entitled "Property Settlement Agreement" rules that "The desire of the parties—to settle and adjust their property rights—" and provides

"First: That except as herein specified, each party hereto is hereby released and absolved from any and all obligations and liabilities for the future

acts and duties of the other and that each of said parties hereby released the other from any and all liabilities, debts, or obligations of any kind or character incurred by the other from and after this date, and from any and all claims and demands, *including all claims of either party* upon the other for support and maintenance as *wife or husband,* or otherwise, it being understood that this instrument is intended to settle the rights of the parties hereto in all respects, except as hereinafter provided." (Emphasis added.)

The agreement further provides that the wife accepts its provisions "in full satisfaction of her right to the community property of the respective parties hereto and in full satisfaction of her right to support and maintenance", that the agreement is "to be considered strictly as an agreement settling their rights with respect to property", and that "each of said parties—understands that this is a full, complete, and final adjustment of his/her property rights and property rights of each other." The agreement is explicit in its statement that the cash payments by the husband to the wife are made "in consideration of the transfers hereinafter made by her."

■ Clearly the parties intended the provision for monthly payments of Paragraph Thirteen to be an inseparable, indivisible and integral part of the property settlement

agreement. Provisions of such a contract, even when incorporated into the decree in accord with the parties' expressed intent, may not be modified without the consent of the parties, Dexter v. Dexter, 42 Cal.2d 36, 265 P.2d 873.

■ Appellant, who obtained the divorce and is now seeking modification of the decree, failed to procure in the trial court any adjudication of the status of the monthly payments that it was other than a payment in fulfillment of the obligation imposed by the agreement as consideration for transfer of property. Trial courts should make specific findings as to whether an agreement submitted to it for consideration in a divorce action is a property settlement agreement with the monthly payments an integral and indivisible part of the consideration for transfer of property, or whether such payments are in fact divisible from the consideration for transfer of the property, and are agreed to be paid as maintenance allowable under the authority of I.C. § 32–706, and thus subject to modification. Concerning this matter see Puckett v. Puckett, 21 Cal.2d 833, 136 P.2d 1, 5, where it is stated:

"The essential issue to be determined is whether or not the agreement was a property settlement agreement, and the monthly payments ordered by the decree in effect and essence, a phase of the property settlement rather than

merely alimony. It would be better practice to have that determination clearly and concisely made by the trial court when it renders the decree of divorce. Considerable confusion and uncertainty could be avoided in that fashion. The court could examine the agreement, the circumstances under which it was made, and the nature and value of the property as related to its division and the amount of the periodic payments giving consideration to the statutory rules on the subject. * * "

The trial court was correct in holding that it was without authority to modify the terms of the agreement and in entering its order dismissing appellant's application for modification of the decree.

■ Appellant does not question the court's authority to award attorney's fees here. The contract provides:

"Sixteenth:—provided, however, that if it shall hereafter be necessary for wife to employ an Attorney to enforce this agreement or to take any other action not herein referred to, wife, reserves the right to apply to any Court of competent jurisdiction for such attorney's fees and costs as she may be entitled to, and the husband agrees to pay the reasonable fees and costs."

He does, however challenge the reasonableness of the amount awarded. He contends that by reason of lack of funds he should be relieved from paying any amount, citing Soderburg v. Soderburg, 78 Idaho 177, 299 P.2d 479. The record shows appellant at the time of the decree and of the subsequent hearing was retired from the United States Navy; that he is receiving retirement pay based on a Lieutenant Commander's position, and has other income besides his retirement pay. The facts here are not comparable to those disclosed in Soderburg v. Soderburg, supra, cited by appellant. There a partially disabled farmer and laborer was ordered to pay total costs of $923.80. No abuse of the trial court's discretion appears, and the court's order in this regard will not be disturbed. Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416.

■ Appellant having failed to supply authority or argument in support of his assignment of error directed to the trial court's order requiring the parties to the property settlement agreement to comply with the terms thereof, such assignment is without merit. Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P. 2d 494.

The order of the trial court is affirmed. Costs to respondent.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.