IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39595

| | | |
|---|---|---|
| ANNETTE LLOYD DAVIDSON, | ) | |
| | ) | **2013 Opinion No. 7** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: January 24, 2013** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JOSEPH LLOYD SOELBERG, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Summary judgment for plaintiff in breach of contract action, <u>affirmed</u>.

Patrick D. Furey, Boise, for appellant.

Woolf Mitchell, PLLC, Boise, for respondent. Andrew R. Woolf argued.

_____

LANSING, Judge

Joseph Lloyd Soelberg appeals from the entry of summary judgment in favor of Annette Lloyd Davidson on a claim for a breach of a divorce settlement contract that required Soelberg to make monthly spousal support payments to Davidson. Soelberg asserts that summary judgment was erroneous for various reasons, all relating to whether the underlying contract was merged into the parties' divorce decree. We affirm.

## I.

## BACKGROUND

Soelberg and Davidson sought a divorce after approximately nineteen years of marriage. In anticipation of their divorce, the parties participated in mediation, which yielded a settlement agreement on issues including child support, child custody, visitation rights and schedules, and division of the couple's property. Paragraph L of the settlement agreement, labeled "Spousal Support," states, "[Soelberg] agrees to pay [Davidson] spousal support in the amount of $2,200 per month for a period of ten (10) years." The parties executed the settlement agreement on

1

March 9, 2007.  On March 12, a "Stipulation for Entry of Judgment and Decree of Divorce," signed by both parties, was filed in the divorce case.  It stipulated that "[t]he court may enter a Judgment and Decree of Divorce in the form attached to this Stipulation."  The attached form of judgment stated in part, "The Mediation Agreement dated March 9, 2007 is hereby merged and incorporated into this decree of divorce, except for Paragraph L which is not merged and shall remain a separate contract between the parties."  On March 14, 2007, the magistrate court issued the stipulated judgment and decree containing that merger language.

Soelberg made full or partial spousal support payments until December 2010, and thereafter ceased the payments.  On April 1, 2011, he filed a motion in the divorce case to terminate his spousal support obligations based on changed financial circumstances.  Although a complete record of the magistrate court proceedings on that motion is not before us, it appears that the magistrate court denied Soelberg's motion on the ground that the spousal support obligation was not modifiable by the court because that provision of the settlement agreement, Paragraph L, had not been merged into the divorce decree.[1]  Soelberg did not appeal the magistrate court's decision.

Meanwhile, Davidson initiated the present separate action against Soelberg in the district court for breach of contract.  Davidson alleged that Soelberg had defaulted on the spousal support covenant of the settlement agreement.  Soelberg admitted the settlement agreement and his discontinuance of payments, but again alleged that due to a material change in his financial circumstances, he could no longer make the payments.  Soelberg asserted generally that he had intended for the spousal support provision to be incorporated into the divorce decree and therefore to be modifiable by the magistrate court.  He alleged that when he signed the

---

[1]    The district court here took judicial notice of the minutes for the hearing on Soelberg's motion in the divorce case.  Those minutes indicate that Davidson's attorney argued against Soelberg's motion by pointing out that the spousal support covenant was not merged into the decree.  The minutes then state the magistrate court's ruling as follows:

> I don't have the power to modify the support in this case, normally the court can modify its own order, court ordered maintenance [sic] could be terminated.  The issue is whether the support was merged or integrated.  It was not merged or integrated into the decree.  It is separate, the court has no power to modify the spousal support.  Motion to modify maintanence [sic] order will be dismissed because there is no jurisdiction.

The magistrate's written order on Soelberg's motion, if any was issued, is not in our record in the present case.

2

stipulation for entry of the divorce decree, the attached form of decree provided for merger of the full divorce settlement contract, including the spousal support provision, which would have made the support term subject to modification by the court. Soelberg asserted that a different form of divorce decree had been attached after he executed the stipulation. He also argued that if the spousal support provision was a stand-alone contract, it was unenforceable for lack of consideration. The district court granted summary judgment for Davidson, and Soelberg appeals.

## II.

## ANALYSIS

### A. Standard of Review

We review a trial court's grant of summary judgment under the same standard applied by the trial court. *Read v. Harvey*, 141 Idaho 497, 499, 112 P.3d 785, 787 (2005). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho Rule of Civil Procedure 56(c). A reviewing court will construe all disputed facts and make all reasonable inferences in favor of the nonmoving party. *Sprinkler Irr. Co. v. John Deere Ins. Co.*, 139 Idaho 691, 695-96, 85 P.3d 667, 671-72 (2004). If the evidence reveals no disputed issues of material fact, only a question of law remains over which this Court exercises free review. *Roell v. Boise City*, 130 Idaho 199, 200-01, 938 P.2d 1237, 1238-39 (1997).

### B. Merger of the Agreement into the Decree

On appeal, Soelberg argues that there exists a genuine factual issue as to whether the stipulation, when he signed it, authorized a divorce decree that did not merge the spousal support provision of the settlement agreement. He contends that the parties' intent was that the entire settlement agreement, including the spousal support agreement, would be merged into the divorce decree, and that the support provision therefore is not enforceable through this independent contract litigation.[2]

When a spousal support obligation arises only from a settlement agreement, the right to enforce the spousal support obligation rests on the contract. *Terteling v. Payne*, 131 Idaho 389,

---

[2]     The written settlement agreement itself does not mention merger. Soelberg evidently contends there was an oral understanding that it would be merged into the decree.

393-94, 957 P.2d 1387, 1391-92 (1998); *Spencer-Steed v. Spencer*, 115 Idaho 338, 344, 766 P.2d 1219, 1225 (1988); *Roesbery v. Roesbery*, 88 Idaho 514, 521, 401 P.2d 805, 809 (1965); *Kimball v. Kimball*, 83 Idaho 12, 16, 356 P.2d 919, 922 (1960); *Bainbridge v. Bainbridge*, 75 Idaho 13, 23-24, 265 P.2d 662, 669 (1954); *Keeler v. Keeler*, 131 Idaho 442, 444-45, 958 P.2d 599, 601-02 (Ct. App. 1998). However, when a settlement agreement is incorporated, or "merged," into a divorce decree, the agreement becomes enforceable only as part of the decree, and not as a separate contract. *Phillips v. Phillips*, 93 Idaho 384, 386, 462 P.2d 49, 51 (1969); *Kimball*, 83 Idaho at 16, 356 P.2d at 922; *Barnedt v. Wilder*, 137 Idaho 415, 418, 49 P.3d 1265, 1268 (Ct. App. 2002). As stated in *Kimball*, 83 Idaho at 15, 356 P.2d at 921, "Merger is the substitution of rights and duties under the judgment or the decree for those under the agreement or cause of action sued upon." In other words, when an agreement is merged into a divorce decree, the right to enforce the contract through an action for breach of contract is supplanted by the divorce court's authority to enforce its orders. If a settlement agreement has been merged, the spousal support provisions generally may be judicially modified. I.C. § 7-1015. *Borley v. Smith*, 149 Idaho 171, 177, 233 P.3d 102, 108 (2010); *Keeler*, 131 Idaho at 444-45, 958 P.2d at 601-02.

In the past, courts looked at the intent of the parties and the court at the time of the divorce to determine whether an agreement between the parties was merged into a divorce decree. *E.g.*, *Roesbery*, 88 Idaho at 518, 401 P.2d at 807. Under the intent test, the actual incorporation of the terms of the agreement into a divorce decree or physical attachment of the agreement usually, but not always, resulted in a finding that the agreement was merged, while language in a decree indicating an "'approval,' 'ratification,' or 'confirmation' of the agreement by the court [was held] not sufficient to denote merger." *Phillips*, 93 Idaho at 387, 462 P.2d at 52. That approach of determining whether an agreement was incorporated by looking, first and foremost, at the intent of the parties was abandoned in *Phillips*. There, the Court reasoned that the difficulty of "ascribing such an intent to laymen" forced courts to "indulge in technical hair splitting." *Id.* at 386, 462 P.2d at 51. The Court recognized that application of the test produced inconsistent results, and therefore the Court in *Phillips* announced a new rule as follows:

> [W]hen parties enter into an agreement of separation in contemplation of divorce and thereafter the agreement is presented to a district court in which a divorce action is pending and the court is requested to approve, ratify or confirm the agreement, certain presumptions arise. In the absence of clear and convincing evidence to the contrary, it will be presumed that . . . the agreement is merged into the decree of divorce, [and] is enforceable as a part thereof . . . .

4

*Id.* at 387, 462 P.2d at 52. *See also Keeler*, 131 Idaho at 445, 958 P.2d at 602. More recently, our Supreme Court explained that under the *Phillips* rule:

> The proper analysis is to look first *only* to the four corners of the divorce decree. If the language of the decree clearly and unambiguously holds the property settlement agreement is not merged, the inquiry is at an end. The court's inquiry will move beyond the four corners of the decree to the property settlement agreement only when the decree is ambiguous and reasonably susceptible to conflicting interpretations.

*Borley*, 149 Idaho at 177, 233 P.3d at 108. Thus, according to the standard articulated in *Phillips* and *Borley*, when the divorce decree is unambiguous, the intent of the parties is not a material issue to the determination of whether an agreement was merged.

Here, the divorce decree unambiguously states that the settlement agreement is "merged and incorporated into this decree of divorce, except for Paragraph L which is not merged and shall remain a separate contract between the parties." Because the divorce decree unambiguously states that Paragraph L, the spousal support provision, is not merged into the decree, any unresolved issue of fact regarding the parties' intent is not material.

Soelberg's contention that Davidson used fraud or trickery to get the nonmerger provision inserted into the final decree--by altering the form of decree attached to the parties' stipulation after the stipulation was signed--might have provided a basis for Soelberg to seek correction of the divorce decree in the divorce case, but it does not provide a defense in this action for breach of contract. In substance, Soelberg is attempting to defend against Davidson's breach of contract claim by collaterally attacking the divorce decree. Principles of res judicata prevent him from doing so; rather, a challenge to the propriety of the divorce decree should have been made by way of a motion for relief from the decree under I.R.C.P. 60. *See Borley*, 149 Idaho at 178, 233 P.3d at 109; *McBride v. McBride*, 112 Idaho 959, 961-62, 739 P.2d 258, 260-61 (1987). Rule 60(b) authorizes a court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, excusable neglect, and fraud. Such relief generally must be sought within six months from entry of the judgment or decree.[3] *Id.* In

---

[3]     Rule 60(b) also allows a court to "set aside a judgment for fraud upon the court," in an independent action, but such independent action in equity is an unusual remedy available only rarely and under the most exceptional circumstances. *Berkshire Investments, LLC v. Taylor*, 153 Idaho 73, 83, 278 P.3d 943, 953 (2012); *Golder v. Golder*, 110 Idaho 57, 59, 714 P.2d 26, 28

5

*Borley*, our Supreme Court rejected arguments that a reviewing court should look beyond an unambiguous decree when a party alleges that the language of a decree does not reflect the parties' intent on the issue of merger. *Borley*, 149 Idaho at 177, 233 P.3d at 108. The Court noted that "[i]f the court's decree is unambiguous, but mistaken, with respect to merger, the parties have an inherent safeguard" in the form of Idaho Rule of Civil Procedure 60. *Borley*, 149 Idaho at 177, 233 P.3d at 108. Similarly, here, if Soelberg believed that a mistake or trickery resulted in a decree that did not reflect the true stipulation of the parties, he could have filed a timely motion in the divorce case to correct the merger provision in the decree under Rule 60(b). He apparently did not do so, and the decree became a final judgment, the terms of which may not be collaterally attacked in this separate proceeding. Moreover, it appears that the merger issue did arise in the divorce action in the argument on Soelberg's motion to terminate his spousal support obligation. The court there held that the spousal support provision was not merged, a decision from which Soelberg did not appeal.

Soelberg next asserts that the magistrate court had exclusive jurisdiction over spousal support, and thus that Davidson was precluded from seeking relief in the district court. Idaho Code § 7-1015 provides that the court that issues a spousal support order has "continuing, exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation." That statute is inapplicable, however, when the obligation to pay spousal support arises not from an order imposed by the court but from a contract between the parties. "Where there is no merger, then the contract itself governs . . . ." *Kimball*, 83 Idaho at 16, 356 P.2d at 922. *Cf. Simplot v. Simplot*, 109 Idaho 92, 93, 705 P.2d 1047, 1048 (Ct. App. 1985) (holding the

(1986). Soelberg has not invoked Rule 60(b) in this litigation. Although we do not rest our opinion on this ground, we note that Soelberg admitted he was notified that Davidson's attorney had made modifications to the stipulation for entry of the divorce decree after the parties' mediation and before he signed the stipulation. He also admits that he cannot remember whether the draft of the decree that was attached to the stipulation when he signed it, in addition to stating that the settlement agreement was merged into the decree, also contained the same language found in the final decree that exempted the spousal support provision from the merger. That is, he does not rule out the possibility that the initial draft mistakenly contained contradictory language regarding merger. Soelberg acknowledges that he timely received a copy of the divorce decree issued by the magistrate court and therefore was on notice of its content, but he represents that he did not then read it and discover the alleged discrepancy of which he now complains.

rule that alimony terminates automatically upon remarriage of receiving spouse does not apply where obligation to pay alimony arises from a contract between the parties rather than from an order imposed by the court). Here, the spousal support obligation arose from a contract between the parties and, as discussed above, the spousal support provision was not incorporated into the divorce decree. Therefore, I.C. § 7-1015 is not applicable.

## C. Consideration

Soelberg also argues that even if the spousal support provision was not merged into the decree along with the other provisions of the settlement agreement, it was unenforceable due to lack of consideration. A contract must be supported by consideration to be enforceable. *Sirius LC v. Erickson*, 144 Idaho 38, 42, 156 P.3d 539, 543 (2007); *General Motors Acceptance Corp. v. Turner Ins. Agency, Inc.*, 96 Idaho 691, 695, 535 P.2d 664, 668 (1975). Soelberg appears to base his argument on the assumption that the incorporation of part, but not all, of a contract into a divorce decree splits or severs the contract, and that the portion not incorporated into the decree is enforceable only if it contains independent consideration. We are not persuaded. The incorporation of part of an agreement into a divorce decree does not cause that portion of the agreement to cease to exist, but instead, as described above, modifies the manner in which an aggrieved party may enforce its terms. Here, the merged provisions of the settlement agreement plainly provided consideration for the spousal support covenant, and Soelberg does not argue otherwise.

## D. Attorney Fees

Soelberg listed as an issue to be discussed in his appellate brief, "Whether the District Court erred in its award of attorney fees to plaintiff wife," but he provided no argument on that issue. This Court will not consider an issue on appeal that is not supported by any argument or authority. *See* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."); *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008) (holding Idaho appellate courts will "not consider assignments of error not supported by argument and authority in the opening brief"). Therefore, we do not address the attorney fee issue.

7

### III.

### CONCLUSION

Because the spousal support provision of the parties' divorce settlement agreement was not merged into the divorce decree, it is enforceable in this action for breach of contract. Therefore, the district court's summary judgment in favor of Davidson is affirmed. Costs to respondent.

Judge GRATTON and Judge MELANSON **CONCUR.**