**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 42980**

| | | |
|---|---|---|
| ROBERT ARON KANTOR, | ) | |
| | ) | **Boise, April 2016 Term** |
| Plaintiff-Appellant, | ) | |
| | ) | **2016 Opinion No. 100** |
| v. | ) | |
| | ) | **Filed: September 13, 2016** |
| SONDRA LOUISE KANTOR, | ) | |
| | ) | **Stephen Kenyon, Clerk** |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

The decision of the district court is <u>reversed</u> and the case is <u>remanded</u> for further proceedings.

Ludwig Shoufler Miller Johnson, LLP, Boise, for appellant Robert Kantor. Scot M. Ludwig argued.

Thompson Smith Woolf & Anderson, PLLC, Idaho Falls, for respondent Sondra Kantor. Marty R. Anderson argued.

---

HORTON, Justice.

This is one of two consolidated cases that Robert and Sondra Kantor appealed to this Court; the other is *Kantor v. Kantor*, Docket No. 41946. The issues in this appeal relate to a Property Settlement Agreement (PSA) and judgment of divorce that were both signed in April of 2012. This dispute was initiated in the magistrate division of the district court in October of 2013, when Sondra filed a motion to incorporate the parties' PSA into the parties' judgment of divorce. Rejecting Robert's argument that it lacked jurisdiction to merge the PSA and judgment of divorce, the magistrate court entered a supplemental decree of divorce that incorporated the terms of the parties' PSA. Sondra then initiated contempt proceedings against Robert. After Robert unsuccessfully moved to dismiss the contempt charges for lack of subject matter jurisdiction, the parties reached a stipulated resolution of the contempt proceedings which resulted in a judgment that Robert was in contempt. The stipulation permitted Robert to appeal

1

the denial of his motion to dismiss. Robert appealed and the district court affirmed the judgment of contempt. We reverse the decision of the district court.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Robert and Sondra were married for forty-three years before they divorced in 2012. As a part of their divorce, Robert and Sondra entered into a PSA on April 25, 2012, which divided the parties' considerable interests in property, real estate holdings, and business entities. However, the PSA did not result in an entirely clean break as it left many of Robert and Sondra's joint business ventures intact. Thus, the parties still maintain a number of ties. On April 30, 2012, the magistrate court entered a judgment of divorce. The PSA was not presented to the magistrate court prior to entry of the judgment.

Although the PSA was not incorporated into the parties' judgment of divorce, the PSA provided:

> **AGREEMENT MAY BE SUBMITTED TO COURT:** The parties agree that this agreement shall not initially be submitted to the court but shall be kept private between the two parties. However, if either party believes there is a need to seek court involvement with regard to any provision, that party may submit this agreement to the court and upon request the court shall incorporate this agreement as a supplemental judgment of the court.

On October 17, 2013, Sondra filed a motion to incorporate the PSA into the parties' original judgment of divorce. Robert initially objected, but he withdrew his objection and joined in Sondra's request that the PSA be merged.

The parties litigated as to the effective date that the PSA should be deemed merged into the judgment. On December 20, 2013, the magistrate court entered a Supplemental Decree that merged and incorporated the terms of the PSA "*nunc pro tunc* for October 18, 2013."

Sondra filed a five count motion for contempt on February 18, 2014. Robert filed a Rule 12(b)(1) motion to dismiss the contempt proceedings based upon lack of subject matter jurisdiction, arguing that res judicata prevented the magistrate from reopening its judgment. The magistrate court denied Robert's motion to dismiss, stating that it was not modifying the original judgment of divorce. The parties settled the contempt proceeding with Robert admitting to a single count of contempt and agreeing to make various payments to Sondra. As part of the agreement, Robert reserved the right to appeal from the denial of his motion to dismiss for lack of subject matter jurisdiction.

2

Robert appealed. On January 22, 2015, the district court issued its decision on appeal. The district court affirmed, holding that the parties could elect to enforce the terms of the PSA by way of contempt proceedings rather than an independent action for breach of contract.[1] The district court thereafter awarded Sondra attorney fees and costs. Robert timely appealed to this Court.

## II.    STANDARD OF REVIEW

This Court reviews the decision of a district court sitting in its appellate capacity as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). "Thus, this Court does not review the decision of the magistrate court." *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013). Rather, this Court is "procedurally bound to affirm or reverse the decisions of the district court." *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009). This Court freely reviews questions of law and questions regarding the application of procedural issues. *Campbell v. Parkway Surgery Ctr., LLC*, 158 Idaho 957, 961, 354 P.3d 1172, 1176 (2015); *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012).

## III.    ANALYSIS

The only issues before the Court are whether the district court erred by affirming the magistrate court's denial of Robert's motion to dismiss and awarding Sondra her attorney fees and costs.

### A. The district court erred by affirming the magistrate court's decision denying Robert's motion to dismiss.

---

[1] The district court's affirmance should not have come as a surprise. On November 20, 2013, the district court sent an email to counsel for the parties in connection with the companion appeal. In that email, the district court advised the parties:

> Mr. Kantor could apply to the magistrate court for an order merging and incorporating the PSA into the decree of divorce. If that is accomplished, that court unquestionably has jurisdiction over the property, and is probably well within its authority to compel deeds between parties, regulate negotiation of the secured debt on the property, hold parties in contempt as necessary in order to enforce its orders….

Robert's moved to dismiss the contempt proceedings, alleging that the magistrate court lacked subject matter jurisdiction because res judicata prevented the magistrate court from reopening its judgment. The magistrate court denied the motion, reasoning that the supplemental decree did not modify the original judgment of divorce. The district court affirmed, concluding that the April 30, 2012, judgment of divorce was "inherently ambiguous as to the question of merger" and that the magistrate court did not err because the supplemental judgment which merged the PSA into the decree of divorce "changed none of the provisions of the PSA except its enforceability."

Traditionally, there have been two ways to enforce a settlement agreement in divorce cases. When a provision arises only from the contract between the parties, it is enforceable through a contract action. *Spencer-Steed v. Spencer*, 115 Idaho 338, 344, 766 P.2d 1219, 1225 (1988); *Davidson v. Soelberg*, 154 Idaho 227, 230, 296 P.3d 433, 436 (Ct. App. 2013). If the settlement agreement has been incorporated or merged into a judgment of divorce, it is enforceable as part of the decree and not as a separate contract. *Kimball v. Kimball*, 83 Idaho 12, 15, 356 P.2d 919, 922 (1960); *Davidson*, 154 Idaho at 230, 296 P.3d at 436. "Merger is the substitution of rights and duties under the judgment or the decree for those under the agreement or cause of action sued upon." *Kimball*, 83 Idaho at 15, 356 P.2d at 921 (quoting *Flynn v. Flynn*, 265 P.2d 865, 866 (Cal. 1954)). "In other words, when an agreement is merged into a divorce decree, the right to enforce the contract through an action for breach of contract is supplanted by the divorce court's authority to enforce its orders." *Davidson*, 154 Idaho at 230, 296 P.3d at 436.

We initially consider whether the PSA was merged into the April 30, 2012, judgment of divorce. To determine if merger occurred:

> The proper analysis is to look first only to the four corners of the divorce decree. If the language of the decree clearly and unambiguously holds the property settlement agreement is not merged, the inquiry is at an end. The court's inquiry will move beyond the four corners of the decree to the property settlement agreement only when the decree is ambiguous and reasonably susceptible to conflicting interpretations.

*Borley v. Smith*, 149 Idaho 171, 177, 233 P.3d 102, 108 (2010). The April 30, 2012 judgment of divorce provided:

> **SEPARATE AGREEMENT:** The parties have a *separate agreement* resolving all property and debt issues.

4

We find the judgment's description of the PSA as a "separate agreement" is an unambiguous statement that the PSA was not merged.

This holding leads to the more significant issue before this Court: Whether the parties can, by way of contract, preserve the option to merge a PSA into a judgment after the judgment has become final. We hold that they may not.

"This Court has long recognized that a court's jurisdiction to amend or set aside the judgment in a case does not continue forever." *State v. Hartwig*, 150 Idaho 326, 329, 246 P.3d 979, 982 (2011) (quoting *State v. Jakoski*, 139 Idaho 352, 354, 79 P.3d 711, 713 (2003)). "In the absence of a statute or rule extending its jurisdiction, a trial court loses subject matter jurisdiction to amend or set aside a judgment once the judgment has become final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Id.* at 330 n.3, 246 P.3d at 983 n.3.[2] Further, "parties to an action cannot confer or create subject matter jurisdiction upon or in a court if in fact it does not exist." *Fairway Dev. Co. v. Bannock Cnty.*, 119 Idaho 121, 125, 804 P.2d 294, 298 (1990). "[S]ubject matter jurisdiction can never be waived or consented to" and "judgments and orders made without subject matter jurisdiction are void." *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011).

The magistrate court's April 30, 2012, judgment of divorce became final forty-two days after it was entered because no appeal was taken therefrom. I.A.R. 14(a). The district court incorrectly determined that the Supplemental Decree did not amend the earlier judgment. It did so by incorporating the parties' PSA. Because the Supplemental Decree was entered more than nineteen months after judgment was entered, it was void.[3]

The magistrate court's legal error may be excused because of the parties' agreement that the Supplemental Judgment could be entered. The district court's decision is less understandable. Although the original decree of divorce explicitly stated that the PSA was a "separate agreement," the district court inexplicably found this provision to be "inherently ambiguous as to

---

[2] In *Hartwig*, we recognized that our decisions have used the word "jurisdiction" broadly, but decided to "continue to adhere" to the rule that "a trial court loses subject matter jurisdiction to amend or set aside a judgment once the judgment has become final...." 150 Idaho at 330 n.3, 246 P.3d at 983 n.3. Although the issue presented by this appeal is perhaps more accurately described as an issue of the finality of a judgment issue or res judicata, we will use the shorthand of "subject matter jurisdiction."

[3] This decision has no bearing on the magistrate courts' continuing jurisdiction to amend divorce judgments with regard to terms providing support, maintenance and/or child custody. Likewise, this decision does not represent any restriction on the powers of a trial court to grant relief under Idaho Rule of Civil Procedure 60(b).

the question of merger." The district court did not identify the source of this "inherent" ambiguity, and we can find nothing in the judgment that renders it ambiguous as to whether the PSA was merged.

Sondra has raised several arguments that we must also address. First, Sondra argues Robert should be judicially estopped from challenging the merger because Robert took the position that the magistrate court should merge the PSA into the judgment of divorce. It is true that Robert did take contradictory positions at times. However, this Court has held "neither estoppel nor consent will confer subject matter jurisdiction on a judge to try a case which by statute and court rule is clearly in excess of his authority to adjudicate." *Fairway Dev. Co.*, 119 Idaho at 125–26, 804 P.2d at 298–99 (quoting *White v. Marty*, 97 Idaho 85, 89, 540 P.2d 270, 274 (1975)).

Second, Sondra focuses on the fact that the magistrate court did not modify the distribution of community property. "A court has jurisdiction to modify the terms of a property settlement agreement only if the agreement is merged into the judgment and decree of divorce." *Borley*, 149 Idaho at 177, 233 P.3d at 108. Although it is true that the magistrate court did not modify the distribution of property called for by the PSA, the magistrate court did attempt to modify the enforcement mechanism of the PSA. In the absence of an objection, the magistrate court has jurisdiction to enforce the PSA by application of contract principles. *See Borley*, 149 Idaho at 178, 233 P.3d at 109 (holding magistrate had jurisdiction to enforce terms of settlement agreement that was not merged). However, there is a significant distinction between the power to enforce the PSA as a contract and enforcing it by use of the court's contempt power. To the extent that the Supplemental Decree attempted to effect this change, it was a modification of the earlier judgment.

Third, Sondra argues "[a]bsent an express intent not to merge, merger is presumed," citing *Phillips v. Phillips*, 93 Idaho 384, 462 P.2d 49 (1969). In *Phillips*, the magistrate court entered a divorce decree which provided: "That certain agreement * * * attached to the complaint * * * be and the same hereby is approved and confirmed by the court as a fair and equitable disposition of the matters therein provided." *Id*. at 385, 462 P.2d at 50 (alterations original). Our decision stated:

> We, therefore, hold that when parties enter into an agreement of separation in contemplation of divorce and thereafter the agreement is presented to a district court in which a divorce action is pending and the court is requested to approve,

6

ratify or confirm the agreement, certain presumptions arise. In the absence of clear and convincing evidence to the contrary, it will be presumed that each provision of such an agreement is independent of all other provisions and that such agreement is not integrated; it will be further presumed that the agreement is merged into the decree of divorce, is enforceable as a part thereof and if necessary may be modified by the court in the future.

*Id.* at 387, 462 P.2d at 52. Applying this rule, the Court held: "In the case at bar the record discloses no clear intent of the parties relating to 'integration' and 'merger.' We, therefore, presume that the district court had continuing jurisdiction to modify the divorce decree on proper motion and showing therefor." *Id.* This case is not similar to *Phillips* and the presumption of merger does not apply. Here, the PSA was a separate agreement that was not presented to the magistrate court. Unlike *Phillips*, the magistrate court was not requested to "approve, ratify or confirm the agreement" before entering judgment. Therefore, the *Phillips* presumption does not apply.

We have long held that a party may not be found in contempt of a void order. *See Williams v. Koelsch*, 67 Idaho 341, 348, 180 P.2d 237, 240 (1947); *MacWatters v. Stockslager*, 29 Idaho 803, 808, 162 P. 671, 672 (1917). The Supplemental Decree was void because the magistrate court lacked subject matter jurisdiction to merge the PSA into its earlier judgment. Therefore, the district court erred by affirming the magistrate court's order denying Robert's motion to dismiss. Therefore, we reverse the decision of the district court and remand with instructions to vacate the magistrate court's contempt judgment.

In light of the history of the litigation in these companion cases, this Court believes that assignment of a new judge on remand will "eliminate any concern of bias. Therefore, this Court orders that the case on remand be assigned to a new district judge." *Capstar Radio Operating Co. v. Lawrence*, 153 Idaho 411, 424, 283 P.3d 728, 741 (2012).

**B. We vacate the district court's award of attorney fees and costs.**

Because we reverse the decision of the district court, the district court's award of attorney fees and any costs must be vacated. *See Thomas v. Med. Ctr. Physicians, P.A.*, 138 Idaho 200, 211, 61 P.3d 557, 568 (2002). On remand, the district court may reconsider its determination as to which party prevailed and that party's entitlement, if any, to an award of attorney fees.

**C. Because of the mixed results of the consolidated cases we do not award either party attorney fees or costs.**

7

Robert requests attorney fees on appeal under the PSA and Idaho Code section 7-610. Sondra requests attorney fees in this appeal under the PSA and Idaho Code section 12-121. The PSA and Idaho Code sections 7-610 and 12-121 all provide that attorney fees may be awarded to the prevailing party. Robert prevailed on his jurisdictional challenge in this case. However, Sondra prevailed in her challenge to the district court's imposition of sanctions in Docket No. 41946. Considering the mixed result in these consolidated cases, we hold that there is no prevailing party on appeal. *See Costa v. Borges*, 145 Idaho 353, 359, 179 P.3d 316, 322 (2008); *Van Brunt v. Stoddard*, 136 Idaho 681, 690, 39 P.3d 621, 630 (2001). Therefore, we do not award attorney fees or costs to either party.

## IV.    CONCLUSION

We reverse the district court's decision affirming the magistrate court's judgment of contempt and vacate its award of attorney fees. We remand this matter to the district court with instructions to vacate the magistrate court's judgment of contempt. On remand, a new judge shall be assigned to preside over all further proceedings in this case. We do not award attorney fees or costs on appeal.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.

8