# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44447

SHARON R. HAMMER,

    Plaintiff-Appellant,

v.

NILS RIBI,

    Defendant-Respondent.

Boise, June 2017 Term

2017 Opinion No. 95

Filed: August 25, 2017

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

The judgment of the district court is <u>vacated</u> and the case is <u>remanded</u> for further proceedings.

James R. Donoval, Eagle, for appellant.

Naylor & Hales, P.C., Boise, for respondent. Kirtlan Naylor argued.

_____

HORTON, Justice.

Sharon Hammer appeals from the district court's order dismissing her complaint. Hammer's action against Nils Ribi alleges that he assaulted her during a city council meeting on September 15, 2011. The district court granted Ribi's motion to dismiss for failure to state a claim upon which relief could be granted. The district court denied Hammer's motion to require Ribi to undergo a mental examination and ruled that Hammer failed to plead facts which would show that Ribi was not immune from suit under the Idaho Tort Claims Act (ITCA). We vacate the judgment dismissing Hammer's lawsuit and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises from events occurring during a city council meeting on September 15, 2011. Hammer was employed as City Administrator for Sun Valley, and Ribi was a member of the city council. Hammer's complaint alleges that, during a break in the meeting, Hammer left the council chambers to copy some documents. Ribi followed Hammer and demanded that she make certain changes to budget documents. Hammer refused to make the changes and told Ribi

1

that she had to speak with the Mayor before she could make any changes. Ribi then raised his arms and told Hammer, "No! You will not talk to the Mayor!" Hammer was afraid that Ribi was going to hit her, and she stepped back and said, "Whoa!"

Hammer's complaint alleged that Ribi had committed a civil assault. Hammer's action was originally brought in federal court. In July of 2015, the federal court declined to continue to exercise supplemental jurisdiction over the civil assault claim. Hammer then filed this case in state court. In the state court proceedings, Hammer filed a motion pursuant to I.R.C.P. 35, seeking an order requiring Ribi to undergo a mental examination.

Ribi moved to dismiss the complaint. Hammer responded with a motion to amend her complaint. Following a hearing, the district court granted Ribi's motion to dismiss the complaint for failing to properly plead facts that would support a claim of civil assault but granted Hammer leave to amend her complaint. The court then denied Hammer's motion for a mental examination. Hammer filed a motion to reconsider which the district court denied without hearing.

On May 20, 2016, Hammer filed her amended complaint. Ribi filed a motion to dismiss the amended complaint under Idaho Rule of Civil Procedure 12(b)(6), again arguing that Hammer had failed to plead facts necessary to support a finding of civil assault. Ribi also claimed that he was immune from the lawsuit under the ITCA. The district court granted the motion to dismiss. The district court assumed, without deciding, that Hammer had properly pleaded the elements of civil assault but held that Hammer had failed to plead sufficient facts to show that Ribi was not immune under the ITCA. Hammer timely appealed.

## II. STANDARD OF REVIEW

"When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), we apply the same standard of review we apply to a motion for summary judgment." *Losser v. Bradstreet*, 145 Idaho 670, 672–73, 183 P.3d 758, 760–61 (2008). "A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated." *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2001). "[O]n review of a dismissal this Court determines whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief." *Idaho Wool Growers Ass'n, Inc. v. State*, 154 Idaho 716, 720, 302 P.3d 341, 345 (2012) (internal quotations and citations omitted). "In doing so, the Court draws all reasonable inferences in favor of the non-moving party." *Id.*

2

"The decision to order psychological testing is within the discretion of the trial court." *Navarro v. Yonkers*, 144 Idaho 882, 887, 173 P.3d 1141, 1146 (2007). "A trial court acts within its discretion when it (1) recognizes the decision as one of discretion, (2) acts within the outer limits of that discretion and (3) reaches its conclusion through an exercise of reason." *Id.*

### III. ANALYSIS

Hammer contends that the district court used the wrong legal standard for civil assault when it dismissed her original complaint, the district court erred when it dismissed her amended complaint based upon ITCA immunity, and the district court erred when it denied her motion for a mental examination. These will be discussed in turn.

**A. Whether the district court applied the wrong legal standard for civil assault when it considered Hammer's original complaint.**

Hammer argues that the district court erred when it dismissed her original complaint because it applied the wrong definition for a civil assault claim. As a threshold issue, we first consider whether this claim is an appropriate subject of appellate review.

Ordinarily, "[t]he amendment of the complaint supersedes the original complaint and all subsequent proceedings are based upon the amended complaint." *Weinstein v. Prudential Property and Cas. Ins. Co.*, 149 Idaho 299, 330, 233 P.3d 1221, 1252 (2010) (quoting *W.L. Scott, Inc. v. Madras Aerotech, Inc.*, 103 Idaho 736, 739, 653 P.2d 791, 794 (1982)). Thus, the general rule is that "the 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' " *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Therefore, we would not ordinarily review the district court's actions with regard to Hammer's original complaint.

However, in the limited context of an *involuntary* amendment of a plaintiff's complaint in response to a proposed order of dismissal, the federal courts have recognized an exception to the general rule. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 616–17 (6th Cir. 2014); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

The *Lacey* decision is particularly instructive. There, the Ninth Circuit Court of Appeals found that application of the general rule in the case of an involuntary amendment not to be "prudent or sufficiently just." *Lacey*, 693 F.3d at 927. Rather, the Court characterized application of the rule in such circumstances as "formalistic and harsh." *Id*. The Court reasoned that the "rule

3

is unfair to litigants" as it creates a " 'patently coercive predicament' " for plaintiffs. *Id*. (quoting *In re Atlas Van Lines*, 209 F.3d at 1067). The "coercive predicament" plaintiffs' counsel face is that "counsel is between failing to preserve issues for appeal and risking sanctions by realleging dismissed claims." *Id*. "The Court further found that "the rule is unfair to district courts. We see no benefit in requiring plaintiffs to reallege claims that the district courts have already dealt with on the merits and dismissed with prejudice." *Id*. at 928. Finally, the Court concluded that there is no "countervailing reason for keeping the current rule . . . . in practical terms we think there is little benefit to the orderly administration of justice. *Id*. As we find the *Lacey* analysis to be persuasive, we will consider the merits of the district court's decision dismissing Hammer's original complaint.

When it dismissed her initial complaint, the district court expressed skepticism that Idaho Civil Jury Instruction 4.30 properly states the elements of civil assault. Idaho Civil Jury Instruction 4.30 provides as follows:

> The plaintiff has the burden of proving each of the following propositions:
> (1) The defendant acted intending to cause a harmful or offensive contact with the person of the plaintiff or a third person, or an immediate fear of such contact; and
> (2) As a result, the plaintiff feared that such contact was imminent.

ICJI 4.30. The district court appears to have accepted Ribi's contention that this instruction is inadequate because it does not require the plaintiff to show that the defendant displayed a violent overt action. In his treatise *Law of Torts*, Prosser notes that a requirement of an overt physical act is generally not necessary to prove a tort. William L. Prosser, *Law of Torts* 40 (4th ed. 1971). "Any act of such a nature as to excite apprehension of a battery may constitute an assault." *Id.* at 38. "It would appear, however, that too much emphasis has been placed by the courts upon the idea of motion or gesture, usually described as 'some overt act.' " *Id.* "The only valid reason that mere words do not amount to an assault is that ordinarily they create no reasonable apprehension of immediate contact." *Id.* at 40. We hold that ICJI 4.30 accurately prescribes the elements of civil assault in this state.

## B. The district court erred when it dismissed Hammer's amended complaint.

The district court dismissed Hammer's amended complaint pursuant to Idaho Rule of Civil Procedure 12(b)(6), holding that Ribi was immune under the ITCA. Although the parties devote much briefing to the question whether Hammer pled facts sufficient to show that Ribi was not entitled to immunity under the ITCA, they have missed the dispositive issue.

4

We have long held that immunity is an affirmative defense, including immunity under the ITCA. *See, e.g., Teurlings v. Larson*, 156 Idaho 65, 68, 320 P.3d 1224, 1227 (2014) (considering immunity under Idaho Code section 6-904(4)). In ruling on a 12(b)(6) motion, the district court is to consider only the facts set forth in the pleadings. *Young*, 137 Idaho at 104, 44 P.3d at 1159. These facts must be taken as true for the purposes of a motion to dismiss. *Idaho Wool Growers Ass'n, Inc.*, 154 Idaho at 720, 302 P.3d at 345. Thus, the sole question is whether "a 'well-pleaded . . . claim is asserted.' " *Duff v. Draper*, 96 Idaho 299, 305, 527 P.2d 1257, 1263 (1974) (quoting *Kozak v. Wells*, 278 F.2d 104, 109 (8th Cir. 1960)).

The corollary to the standard governing a district court's decision on a 12(b)(6) motion is this: a complaint is not subject to dismissal simply because it does not negate an affirmative defense. *Duff*, 96 Idaho at 299, 527 P.2d at 1263; *see also Dumas v. Ropp*, 98 Idaho 61, 64, 558 P.2d 632, 635 (1977) ("One wonders how the pleading philosophy behind those simple statements of a claim for relief . . . could ever be interpreted to require the plaintiff to negate the defense of statute of limitations in his complaint.") (Bakes, J., concurring)).

Because a plaintiff is not required to "plead around" affirmative defenses, the district court erred by dismissing Hammer's complaint pursuant to Idaho Rule of Civil Procedure 12(b)(6) based upon Ribi's affirmative defense under the ITCA.[1] Therefore, we vacate the judgment dismissing Hammer's lawsuit.

## C. The district court did not abuse its discretion when it denied Hammer's motion to compel a mental health examination.

In support of her claim that the district court erred by denying her motion to compel Ribi to undergo a mental examination, Hammer argues that the mental state of a defendant in a civil assault claim is always in controversy. Hammer further argues that the question of Ribi's ability to tell the truth makes his mental state an issue in this case. The district court denied Hammer's

---

[1] Even if a plaintiff were required to anticipate and negate affirmative defenses in her complaint, Hammer's complaint would have satisfied the more rigorous standard. Hammer's amended complaint expressly alleged that Ribi's conduct was outside the scope of his employment and done with malice. Paragraph 8 of her Amended Complaint alleges:

> The alleged acts engaged in by Defendant Ribi associated with his assault of Ms. Hammer on September 15, 2011, were done outside of the course and scope of his role as a member of the Sun Valley City Council and with malice or reckless disregard for Ms. Hammer's protected rights.

Paragraph 72 reiterated this claim:

> The alleged acts engaged in by Defendant Ribi of assaulting Ms. Hammer were done outside of the course and scope of his limited role as a member of the Sun Valley City Council and with malice or reckless disregard for Ms. Hammer's protected rights.

For purposes of the 12(b)(6) motion, the district court was required to accept these allegations as true.

5

motion, holding that Ribi's mental health was not in controversy in the case. We recognize that a discovery order is interlocutory in nature, but will address Hammer's claim for guidance on remand.

Under Idaho Rule of Civil Procedure 35(a), the district court may order a party to undergo a mental examination upon a showing by the moving party that the proposed examinee's mental health is in controversy and that there is good cause to order the examination. I.R.C.P. 35(a). The Idaho rule is nearly identical to Federal Rule of Civil Procedure 35(a). "We prefer to interpret the Idaho Rules of Civil Procedure in conformance with interpretations of the same language in the federal rules." *Westby v. Schaefer*, 157 Idaho 616, 622, 338 P.3d 1220, 1226 (2014).

The United States Supreme Court considered Federal Rule of Civil Procedure 35(a) in *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). There, passengers of a Greyhound bus sued for damages resulting from injuries they sustained when their bus crashed into the back of a tractor-trailer. 379 U.S. at 106. The passengers sued Greyhound, Schlagenhauf (the bus driver), and the owners of the tractor and trailer. *Id.* at 107. Greyhound filed a cross-claim against the tractor-trailer owners, claiming that the truck was driving too slowly. *Id.* The truck owner's answer alleged that Schlagenhauf was not "mentally or physically capable" of driving the bus and that his medical deficiencies had caused the collision. *Id.* The truck owner sought an order compelling Schlagenhauf to undergo a number of mental and physical examinations. *Id.* The district court ordered that he submit to nine separate examinations. After the Ninth Circuit Court of Appeals denied Schlagenhauf's request for extraordinary relief from the district court's order, the Supreme Court granted certiorari.

The Supreme Court remanded the case, with instructions that the district court reconsider its order. The Supreme Court noted that Schlagenhauf did not rely upon his mental or physical condition in support or defense of a claim, *id*. at 119, and held that the truck owner's bald allegation regarding Schlagenhauf's capability to drive was not sufficient to warrant the battery of examinations ordered by the district court. *Id*. at 120–21. Discussing the "good cause" and "in controversy" requirements of the rule, the Court explained:

> They are not merely met by conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

6

*Id.* The Court cautioned that the rule "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.' " *Id*. at 118–19.

Hammer advances three theories in support of her contention that Ribi's mental health is in controversy. First, she argues that the mental health of the defendant in an assault case is always relevant. Second, she contends that evidence of Ribi's mental condition may be used to attack his credibility. Finally, Hammer asserts that Ribi put his mental health at issue in a related defamation action. These arguments do not persuade us that the district court abused its discretion when it denied Hammer's motion to compel Ribi to submit to a mental examination.

First, as discussed earlier, the elements of civil assault are set forth in ICJI 4.30. Only the first element relates to the defendant. That element requires the plaintiff to show that the defendant acted with intent to cause a harmful contact or put the plaintiff in fear of such contact. This element does not place the mental health of the defendant in controversy. Indeed, if we were to accept Hammer's premise, a party's mental health would be at controversy in every case in which intent is an element of the cause of action.

Hammer's next argument is that Ribi's credibility is relevant and his mental capacity to tell the truth is in controversy. As with Hammer's first argument, if we were to accept this reasoning, every party in every case would be required to submit to a mental examination upon demand of another party.

Hammer's final argument is equally devoid of merit. She was required to demonstrate that Ribi's mental condition is in controversy in this action, not that it was an issue in a different lawsuit between the parties. Hammer has failed to show that the district court abused its discretion by denying her motion to compel Ribi to submit to a mental examination.

## D. Attorney fees on appeal.

Each party has requested an award of attorney fees. Hammer has obtained a decision vacating the district court's judgment dismissing Hammer's amended complaint. She was also correct in her assertion that the district court erred by dismissing her original complaint based upon its view of the elements of a claim for civil assault. However, she was unsuccessful in her effort to persuade us that the district court erred by denying her motion to compel the mental examination. Considering the mixed result, we hold that there is no prevailing party in this

7

appeal. *Kantor v. Kantor*, 160 Idaho 803, 809, 379 P.3d 1073, 1079 (2016). Therefore, neither party is entitled to an award of costs or fees on appeal. *Id.*

## IV. CONCLUSION

We vacate the district court's judgment dismissing Hammer's amended complaint and remand for further proceedings consistent with this opinion.

Chief Justice BURDICK, Justices EISMANN, JONES, and Justice Pro Tem TROUT, **CONCUR**.