BRODY, Justice This case is about landowners’ recourse against an irrigation district for diverting a portion of their water source to other landowners within the district. The landowners brought an action for a declaratory judgment regarding their constitutional water and property rights. They also sought injunctive relief against the irrigation district for a breach of fiduciary duty. The district court granted the irrigation district’s motion to dismiss on all three of the landowners’ claims. The landowners appeal. I. FACTUAL AND PROCEDURAL BACKGROUND Appellants own farms in Jerome County, Idaho. A&B Irrigation District (the “District”) distributes water to these farms and others throughout its service area in Jerome and Minidoka Counties. The District serves two distinct sub-areas in its district: Unit A and Unit B. The water the District distributes comes from two sources: (1) surface water from the Snake River and associated reservoirs, and (2) groundwater from the Eastern Snake Plain Aquifer. These two water sources were historically what separated Units A and B, and many owners based their land choices in the 1950s on the water source. Unit A farms have received surface water exclusively since the District’s inception. For decades Unit B farms received only groundwater, but the District converted approximately 1400 Unit B acres to surface water in the 1990s in response to decreasing groundwater supply. This conversion did not abate the declining groundwater supply, and the District subsequently proposed the “Unit A Pumping Plan #2 Project” (“Project”). The District’s manager claims the Project’s benefits are twofold: (1) it will allow &e District to deliver surface water to Unit A farms at an increased rate during the peak irrigation season, and (2) it will convert approximately 1500 Unit B acres facing declining groundwater over to surface water—similar to the District’s prior conversion in the 1990s. In November 2013, the District held a special election in which its residents approved bonds of up to $7 million to pay for the Project. In 2014, the District’s Board of Directors held a hearing at which they assessed Project costs proportionally based on acreage to both Unit A and Unit B landowners. Appellants did not appear at this hearing. The District then sought judicial confirmation (the “Confirmation Proceeding”) of the Board’s cost assessment in the Minidoka County District Court, which Appellants Paslay and Ottman contested. In the Confirmation Proceeding, the court approved the assessment but withheld consideration of Appellants’ constitutional arguments as beyond that forum’s scope. Appellants claim the Project primarily benefits Unit B landowners at the expense of Unit A by diverting a portion of Unit A’s sole water source (surface water) onto Unit B land and “diluting” their annual water supply. Additionally, the District divided Project costs equally among all landowners despite what Appellants claim is the Project’s primary purpose: to help sustain Unit B farms as their groundwater supply continues to decline. Appellants claim the Project is part of a decades-long trend whereby the District subjugates Unit A’s interests due to Unit B’s size—roughly 80% of the District’s service area—and comparably large representation and voting strength. Appellants sought relief on three claims in the Jerome County District Court after the Confirmation Proceeding approved the Project’s cost apportionment. In Count I of them amended complaint, Appellants sought a declaratory judgment enforcing their water rights under Article XV, sections 1, 3, 4, and 6 of the Idaho Constitution. Count II requested identical relief, challenging the assessment as a violation of their property rights under Article I, sections 13 and 14. In Count III—absent in the original complaint and added in the amended complaint—Appellants sought injunctive relief for breach of fiduciary duty. Respondents filed a Rule 12(b)(6) motion to dismiss the claims, and submitted additional materials—including affidavits and the Confirmation Proceeding order. Appellants responded and requested the court deny the motion and strike matters outside the pleadings as immaterial and improper under the Rule 12(b)(6) standard. Alternatively, Appellants requested the court continue the proceedings—and allow discovery—if the court was to consider matters outside the pleadings. They argued that considering the additional information would effectively convert the decision from a Rule 12 to a Rule 66 analysis, and thus required discoverable facts to defend against a summary judgment grant. In its first of two decisions below, the district court denied Appellants’ motion to strike and motion to continue, and dismissed Counts I and II. The court dismissed Count I as non-justiciable, finding the claim unripe and that the Appellants lacked standing. The court dismissed Count II as barred by res judicata based on the Confirmation Proceeding decision. Pending the court’s decision on Count III, Appellants filed a motion for reconsideration of the district court’s first decision. In its second decision, the district court dismissed Count III as non-justiciable on standing and ripeness grounds, just as with Count I. The court also denied Appellants’ motion to reconsider its previous dismissal of Counts I and II. Appellants timely appealed. II. ISSUES PRESENTED ON APPEAL 1. Whether the district court erred in dismissing Counts I and III of Appellants’ amended complaint as non-justiciable. 2. Whether the district court erred in dismissing Count II of Appellants’ amended complaint as barred by res judicata. 3. Whether the district court erred in denying Appellants’ motions to strike, continue, and reconsider. 4. Whether the Distinct is entitled to attorney fees. III. STANDARD OP REVIEW This Court exercises free review over jurisdictional issues, including “whether dismissal for lack of jurisdiction was properly granted.” Tucker v. State, 162 Idaho 11, 17, 394 P.3d 54, 60 (2017) (citing Meisner v. Potlatch Corp., 131 Idaho 258, 260, 954 P.2d 676, 678 (1998)). This Court reviews de novo both Rule 12(b)(6) dismissal orders and Rule 66 summary judgment grants. Syringa Networks, LLC v. Idaho Dep’t of Admin., 159 Idaho 813, 823, 367 P.3d 208, 218 (2016). Under Rule 12(b)(6), “[a]fter viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated.” Losser v. Bradstreet, 145 Idaho 670, 673, 183 P.3d 758, 761 (2008) (quoting Gallagher v. State, 141 Idaho 665, 667, 115 P.3d 756, 758 (2005)). Dismissal “for failure to state a claim should not be granted ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.’ ” Taylor v. Maile, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005) (quoting Gardner v. Hollifield, 96 Idaho 609, 611, 533 P.2d 730, 732 (1975)). A Rule 12(b)(6) motion to dismiss in which “matters outside the pleadings are presented to and not excluded by the court ... must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.” I.R.C.P. 12(d). “Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Lockheed Martin Corp. v. Idaho State Tax Comm’n, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006). IV. ANALYSIS The landowners’ appeal centers on two issues with respect to their three claims against the District: the legal standard under which the district court dismissed Appellants’ claims, and the court’s substantive determinations under that standard. Appellants contend the district court erred both procedurally and substantively in dismissing all three counts in its amended complaint. Proeedurally, they claim the district court improperly considered matters outside the pleadings in dismissing all three claims under Rule 12(b)(6)—rather than converting to the Rule 56 summary judgment standard. Substantively, Appellants contend that Counts I and III are justiciable as presented on the face of their amended complaint, and that res judica-ta does not bar relief under Count II. For the reasons that follow, this Court determines that Counts I and III—the alleged violation of Appellants’ water rights and breach of fiduciary duty—do not present justiciable controversies. The district court procedurally erred, however, in dismissing Count II as barred by res judicata. A. Appellants have failed to demonstrate that Counts I and III present justicia-ble claims. Appellants contend that Counts I and III are currently justiciable controversies since the Project will result in an annual diminution of their available, dedicated water source. The District noted that the surface water supplies are variable from one season to the next, and have the potential to completely refill annually. This, they claim, necessarily reduces Appellants’ claims to speculation since they allege no current deprivation, nor can they point to a future deprivation. Appellants seek both injunctive relief and a declaratory judgment regarding then-water rights. Under Idaho law, courts “shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.” I.C. § 10-1201. This Court has long held that “the questioned] ‘right’ or ‘status’ may invoke either remedial or preventive relief; it may relate to a right that has either been breached or is only yet in dispute or a status undisturbed but threatened or endangered ....” State ex rel. Miller v. State Bd. of Educ., 56 Idaho 210, 217, 52 P.2d 141, 144 (1935). A declaratory judgment action must involve a justiciable controversy, however. Davidson v. Wright, 143 Idaho 616, 620, 151 P.3d 812, 816 (2006). “Idaho has adopted the constitutionally based federal justiciability standard.” Id. Standing is an essential element of a justiciable claim. Van Valkenburgh v. Citizens for Term Limits, 135 Idaho 121, 125, 15 P.3d 1129, 1132 (2000). Standing requires (1) a distinct injury in fact, (2) fairly traceable to the conduct from which a plaintiff seeks relief, and (3) a substantial likelihood that the requested relief will remedy or prevent the injury. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); Coal. for Agric.’s Future v. Canyon Cnty., 160 Idaho 142, 146, 369 P.3d 920, 924 (2016); Schneider v. Howe, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006). “Standing may be predicated upon a threatened harm as well as a past injury.” Id. (citing Harris v. Cassia Cnty., 106 Idaho 513, 516, 681 P.2d 988, 991 (1984)). However, the injury must be “actual or imminent, not conjectural or hypothetical.” Tucker, 162 Idaho at 19, 394 P.3d at 62 (quoting State v. Philip Morris, Inc., 158 Idaho 874, 881, 354 P.3d 187, 194 (2015)). Since standing is jurisdictional, it can be raised at any time, and the Court has a duty to raise it sua sponte. Arambarri v. Armstrong, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012) (citations omitted). Appellants have failed to allege a distinct injury in their amended complaint for Counts I and III, either current or threatened. They claim that the Project will cause a “dilution” of their available water supply, which could result in a deprivation of their allotted water—particularly in years where there is a shortage of water. This allegation requires a court to hypothesize three successive events in order to reach a distinct, palpable injury: first, that the Project’s additional water delivery to Unit B farms will cause a decrease in the annual surface water available to Unit A farms; second, in the case where there is less surface water available, the amount will be substantial enough to threaten Appellants’ allotment; third, in such a case, the District will still allocate some surface water to newly-converted Unit B farms during a season in which it provides less than the full allotment to Unit A farms. While the first seems intuitive—that more farms using the same surface water will result in less surface water—Appellants’ claimed injuries necessarily implicate the second and third hypotheticals above as well. This Court cannot decide based on such conjecture. The Appellants are essentially asking for a court order directing the District to follow the law in the event there is a shortage of water. Such a pronouncement would be hollow without a particularized set of circumstances to which we can apply the law and tailor an order that either requires the District to do particular acts or prohibits the District from engaging in particular conduct. Appellants simply have not alleged a current or future harm, merely the fear of one if the District abuses its discretion and mismanages water resources outside the boundaries of the law. While the district court erred in dismissing Counts I and III on justiciability grounds under Rule 12(b)(6) instead of 12(b)(1), we find that error harmless. As we stated in Tucker, “our earlier cases left the issue unsettled.” 162 Idaho at 18, 394 P.3d at 61. Additionally, this Court or any Idaho court must raise a lack of subject matter jurisdiction at any time, whether the parties raise it or not. Arambarri, 152 Idaho at 738, 274 P.3d at 1253; In re Doe I, 145 Idaho 337, 340, 179 P.3d 300, 303 (2008). This court thus affirms the district court’s dismissal of Counts I and III for want of a justiciable controversy, B. The district court erred in dismissing Appellants’ property rights claim in Count II by considering matters outside the pleadings under Rule 12(b)(6). In Count II of the amended complaint, Appellants sought a declaratory judgment enforcing their property rights under Article I, sections IS and 14 of the Idaho Constitution. They claim the District had no authority to exact its assessment for the Project without either consent or due process of law. Appellants contend that the district court erred procedurally by considering matters outside the amended complaint in its dismissal of Count II, and further claim that the court also erred in its substantive res judicata analysis. The District claims the district court properly took judicial notice of the Confirmation Proceeding because the court “recognized” that the Rule 56 summary judgment standard applied. Additionally, the District agrees with the district court’s substantive res judicata analysis. The Idaho Rules of Civil Procedure require courts treat a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment when it considers matters outside the pleadings. I.R.C.P. 12(d); McCann v. McCann, 152 Idaho 809, 814, 275 P.3d 824, 829 (2012). The extrinsic information need not raise disputed facts to mandate this shift. Syringa, 159 Idaho at 823, 367 P.3d at 218. However, a court can dismiss an action under Rule 12(b)(6) if it considers only the complaint, despite whether a party has submitted additional materials to the record. Stewart v. Arrington Constr. Co., 92 Idaho 526, 531, 446 P.2d 895, 900 (1968). The district court in this case was free to either consider information outside of the amended complaint and treat the Rule 12(b)(6) motions as Rule 56 proceedings, or decide the Rule 12(b)(6) motion “on the allegations contained in the complaint alone.” Taylor v. McNichols, 149 Idaho 826, 833, 243 P.3d 642, 649 (2010) (citing Hellickson v. Jenkins, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990)). The district court in this case acknowledged the above requirements in its orders, stating in its first order (and incorporating by reference in its second): It is clear that the court may not consider evidence or facts outside the scope of the pleadings when determining if the petition states a claim upon which relief may be granted. The court, however, may consider facts that supplement those stated in the complaint, of which the court may properly take judicial notice. However, when, the motion is presented under Rule 12(b)(6) and it is supported by evidence, such as affidavits, outside of the pleadings, the motion may properly be treated as one for summary judgment to which the summary judgment standard would apply. The district court later stated, “[t]reating the motion as one for summary judgment is not error so long as the hearing and notice requirements of I.R.C.P. 56(c) are complied with.” The District claims that these recitations demonstrate that the court acknowledged under Idaho law the required shift from Rule 12 to Rule 56 when considering information outside the pleadings. However, the issue Appellants raise is not whether the court recognized the appropriate standard; it is whether the district court applied the appropriate standard. The district court dismissed Count II under the Rule 12(b)(6) standard: “[T]he defendant’s Motion to Dismiss Count 2 for failure to state a claim upon which relief may be granted pursuant to I.R.C.P. 12(b)(6) is GRANTED ....” The issue for Count II then is whether the court considered only the amended complaint or relied on matters outside the pleadings. Here, the court considered the Confirmation Proceeding in finding that res judicata barred Appellants’ Count II claim. The judge in the Confirmation Proceeding noted Appellants “failed to take advantage of their opportunity to contest the assessment of benefits and apportionment of costs related to the Projects and A&B’s issuance of bonds.” He found no reasonable excuse for their failure to appear at that hearing, and additionally that the proceedings were not “in any substantial matter erroneous or unjust.” The district court in this case granted the District’s motion to dismiss based on the Confirmation Proceeding, stating, “Our courts have long held that with respect to confirmation proceedings conducted pursuant to Title 43, Chapter 4, that a final judgment entered in such proceedings is not subject to collateral attack and are otherwise barred by the doctrine of res judicata.” The district court thus considered information outside the pleadings in deciding its Rule 12(b)(6) motion. Two cases are instructive where a court takes judicial notice of an underlying case in a Rule 12(b)(6) analysis. In Hellickson v. Jenkins, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990), the trial court took judicial notice of probate files from other cases and considered them in ruling on a Rule 12(b)(6) motion. The Idaho Court of Appeals held this was error, stating: The only facts which a court may properly consider on a motion to dismiss for failure to state a claim are those appearing in the complaint, supplemented by such facts as the court may properly judicially , notice. However, a trial court, in considering a Rule 12(b)(6) motion to dismiss, has no right 'to take judicial notice of anything, with the possible exception of facts of common knowledge which controvert aver-ments of the complaint. Id. (emphasis in original) (citations omitted), This Court has since approved of Hellickson’s bar on taking judicial notice of other proceedings when considering a Rule 12(b)(6) motion to dismiss. In Taylor v. McNichols, 149 Idaho 826, 849, 243 P.3d 642, 665 (2010), this Court explicitly adopted Hellickson and held that the “district court could not properly take judicial notice of the Underlying Case when ruling on 12(b)(6) motions to dismiss.” The District contends that Hellickson and McNichols do not apply since the district court properly recognized the summary judgment standard. Indeed, the district court discussed summary judgment with counsel during the May 2016 motion hearing: THE COURT: But isn’t the standard more as to what facts you need that you cannot obtain at this time to oppose a summary judgment motion? If the issues presented based upon the pleadings—and whether it’s characterized as a summary judgment motion or a 12(b)(6) motion, if the issues presented are a question of law, doesn’t there have to be some presentation of what facts are out there that we haven’t had the opportunity to obtain? Moreover, the district court—in its first decision—addressed the required Rule 66 standard in its analysis of Appellants’ motion to strike as well as in its standards of review. But as noted above, it applied the Rule 12(b)(6) standard in deciding the motion. The fact that the filing dates fell within Rule 56 requirements does not automatically convert the District’s motion or the court’s ruling. The District filed a Rule 12(b)(6) motion to dismiss, the court held a hearing on the Rule 12(b)(6) motion to dismiss, and—most importantly—the court decided Count II under the Rule 12(b)(6) standard. The district court thus committed procedural error in granting under Rule 12(b)(6) the District’s motion to dismiss Count II and considering the Confirmation Proceeding in its decision. This Court must thus determine whether that error was harmless, and in so doing “must disregard all errors and defects that do not affect any party’s substantial rights.” I.R.C.P. 61. If—by considering only the pleadings—this Court finds under Rule 12(b)(6) that Appellants failed to state a claim upon which relief may be granted, then the procedural error below is harmless. McNichols, 149 Idaho at 849, 243 P.3d at 665. Because we “shall look only to the pleadings without consideration to the record from the [underlying [c]ase” when reviewing under the Rule 12(b)(6) standard, this Court cannot analyze the substantive res judicata argument as it relies entirely on the Confirmation Proceeding. Id. at 836, 243 P.3d at 652. Thus, we determine that the district court’s procedural error was not harmless, since the Confirmation Proceeding was the sole basis for its determination that res judi-cata precluded Appellants’ claim. This Court thus vacates the district court’s order granting dismissal of Count II and remands with instructions to consider Count II under the Rule 56 summary judgment standard. C. Attorney’s Fees. The District requests attorney’s fees pursuant to Idaho Appellate Rule 41, and Idaho Code sections 12-117 and 12-121. Neither the District nor Appellants are the prevailing party, so neither are entitled to costs or fees on appeal. V. CONCLUSION For the foregoing reasons, this Court affirms the dismissal of Counts I and III for lack of justiciability. We vacate the district court’s order dismissing Count II, and remand with instructions to consider this claim consistent with this Court’s opinion. In light of these decisions, we further hold that the appeals on the motions to strike, to reconsider, and to continue are moot. We award no fees or costs on appeal. Justices JONES, HORTON, and Justice Pro Tem DUNN concur.