## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 49385

| | | |
|---|---|---|
| KRISTINE MCCREERY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | Boise, May 2023 Term |
| | ) | |
| JENNIFER KING, M.D., in her | ) | Opinion Filed: September 6, 2023 |
| individual and official capacity; AMY | ) | |
| BARTON, M.D., in her individual and | ) | Melanie Gagnepain, Clerk |
| official capacity, TERESA TORRES, | ) | |
| in her individual and official capacity, | ) | |
| ERIN PON, in her individual and | ) | |
| official capacity, and SHARI DODGE, | ) | |
| in her individual and official capacity, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County, Jonathan Medema. District Judge.

The district court judgment is affirmed.

Olsen Taggart PLLC, Idaho Falls, attorneys for Appellant. Nathan M. Olsen argued.

Duke Evett, PLLC, Boise, attorneys for Respondent Jennifer King, M.D. Keely E. Duke argued.

Gjording Fouser, PLLC, Boise, attorneys for Respondent Amy Barton, M.D. Taylor H.M. Fouser argued.

Moore Elia & Kraft, LLP, Boise, attorneys for Respondents Erin Pon and Shari Dodge. Peter E. Thomas argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent Teresa Torres. Brian V. Church argued.

_____

BEVAN, Chief Justice.

This lawsuit arises from an investigation into whether Appellant Kristine McCreery abused or neglected her fifteen-year-old son, B.M. McCreery filed a complaint against two physicians

1

who reported the alleged abuse, the detective who investigated the reports, the deputy prosecutor who filed the Child Protection Act ("CPA") action, and the social worker for the Idaho Department of Health and Welfare who submitted an investigatory report and testified in the CPA case (collectively "defendants" or "Respondents"), alleging they had violated her constitutional rights and Idaho's false reporting statutes when they took actions to separate her from B.M. for over fifteen months. The district court dismissed McCreery's claims with prejudice after finding Respondents were immune from liability and that the allegations in McCreery's complaint failed to state any valid claim upon which relief could be granted. McCreery filed a motion to amend her complaint, which the district court denied. McCreery timely appealed to this Court, arguing that the district court erroneously dismissed her claims. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A CPA action was initiated after two physicians, Dr. Jennifer King and Dr. Amy Barton, raised concerns that B.M. was being abused and/or neglected by his mother due to his low weight and some troubling blood tests. The following facts are taken from McCreery's third amended complaint.[1] On October 9, 2018, B.M. was five foot two-and-a-half inches tall[2] and weighed 82.8 pounds. A few weeks later, on October 23, 2018, McCreery took B.M. to the emergency room for abdominal pain. B.M. weighed 83 pounds and had a Body Mass Index ("BMI") of 16.7.

On December 17, 2018, B.M. was examined by his primary care physician for a persistent cough and on that date, he weighed 85 pounds and had a recorded BMI of 15.33. B.M.'s cough did not improve, and McCreery took him to Saint Alphonsus urgent care the next day. B.M. weighed 83.4 pounds and had a recorded BMI of 15.01. B.M.'s cough continued to worsen, and on January 6, he went to the emergency room, where he tested positive for influenza. B.M. weighed 70 pounds 8.64 ounces and had a recorded BMI of 13.9. B.M. returned to the emergency room on January 9 and 10 because his symptoms were not resolving. On January 10, B.M. was admitted to Saint Alphonsus Regional Medical Center in Boise. B.M. self-reported to be 5 feet tall, he weighed 74 pounds, and his BMI was 13.6.

---

[1] McCreery's complaint was dismissed on Respondents' motions to dismiss. "In ruling on a 12(b)(6) motion, the district court is to consider only the facts set forth in the pleadings." *Williamson v. Ada Cnty.*, 170 Idaho 204, 207, n.1, 509 P.3d 1133, 1136, n.1 (2022) (quoting *Hammer v. Ribi*, 162 Idaho 570, 574, 401 P.3d 148, 152 (2017)). "These facts must be taken as true for the purposes of a motion to dismiss." *Id.* (citing *Idaho Wool Growers Ass'n, Inc. v. State*, 154 Idaho 716, 720, 302 P.3d 341, 345 (2012)).

[2] B.M.'s recorded height varied between 4' 11" to 5' 2.5" from October 9, 2018, to January 16, 2019.

2

Between January 11, and January 16, B.M.'s activity levels were recorded by care providers, and his activity varied from walking to the bathroom and back to bed, to doing 3 laps around the unit. Prior to January 12, 2019, B.M. could not shower independently. During this timeframe B.M. was screened by nurses and a psychologist for abuse and neglect, but those providers did not report suspected abuse at that time.

Dr. King first saw B.M. at Saint Alphonsus on January 16, 2019. After Dr. King examined B.M., interviewed McCreery, and reviewed B.M.'s medical records, she reported suspected child abuse to Detective Erin Pon. Dr. King reported "[B.M.] was 'severely malnourished' and if his nutrition isn't turned around within 6 months, the [sic] he will be at risk of death." Dr. King also reported that B.M. had neutropenia (an unusually low count of white blood cells), low platelets, low alkaline, and low electrolytes. In making these findings, Dr. King did not inform Detective Pon that B.M.'s other medical providers had developed a care plan and were working with McCreery to address B.M.'s weight management. The plan had always been that B.M. would be discharged to his mother's care. Dr. King also failed to report that the hospitalist who had been treating B.M. since his in-patient admission noted that the low counts were "possibly due to viral suppression but improving" and that "WBC and ANC have both improved and uric acid and LDH were reassuring."

After Dr. King's initial report of child abuse, B.M. was seen by Dr. Barton as part of St. Luke's Children at Risk Evaluation Services ("CARES") program. Before B.M. was removed from McCreery's custody, Dr. Barton spoke with Detective Pon and shared her medical observations of B.M. McCreery alleges that Dr. Barton deliberately misrepresented B.M.'s medical condition during this discussion. According to the allegations, Detective Pon accepted any information provided by Dr. Barton as true without conducting more investigation. Detective Pon then made the discretionary determination that "reasonable cause existed" to believe B.M. was in imminent danger of serious bodily injury. Therefore, B.M. was temporarily removed from McCreery's custody.

Canyon County Prosecuting Attorney Shari Dodge then signed a petition as required by Idaho Code section 16-1610(1), that required McCreery to take part in a CPA case. The petition claimed "[B.M.] was 'severely malnourished' and if his nutrition [was not] turned around within 6 months, the [sic] he will be at risk of death and, further, that Dr. Barton expressed deep concern that [B.M.] would continue to decline and possibly die if sent home with [McCreery]." The

3

magistrate court in the CPA case determined there was sufficient evidence that McCreery had abused B.M. for the court to take jurisdiction over the child.

During the CPA case, Teresa Torres, a social worker with the Idaho Department of Health and Welfare, testified that B.M. was "doing very well" in the State's custody, and "gaining weight, appropriately," based on a visit she had with B.M. in February 2019. Torres also testified B.M.'s medical records evidenced a consistent concern with his weight and nourishment. McCreery alleged Torres deceived the court with this testimony because she omitted facts that would have supported her claim that B.M.'s low weight resulted from an acute illness, not because McCreery was not feeding him.

McCreery later pleaded guilty to a misdemeanor charge of injury to a child.[3] As a result of the CPA case, McCreery alleges "she was separated from her son for approximately 18 months and was placed on the Idaho Child Protection Central Registry as a Level Two offender."

On January 15, 2021, McCreery initiated this lawsuit against Dr. King, Dr. Barton, Detective Pon, prosecutor Dodge, and social worker Torres, alleging violations of her civil rights under the Due Process Clause of the United States Constitution, and state law bad faith reporting claims against Dr. King and Dr. Barton. McCreery filed her initial complaint, an amended complaint, and a second amended complaint in short succession. Defendants Torres, Dodge, Pon, and Dr. Barton filed motions to dismiss McCreery's second amended complaint. Before the district court ruled on defendants' motions to dismiss, and with consent from defendants, McCreery filed a third amended complaint on March 19, 2021. Immediately thereafter, Dr. King filed her own motion to dismiss.

McCreery's third amended complaint asserted five causes of action:

COUNT I (Dr. King): Bad Faith, Oppressive Reporting or Allegation of Child Abuse, Abandonment or Neglect in violation of Idaho Code section 16-1607;

COUNT II (Dr. Barton): Bad Faith, Oppressive Reporting or Allegation of Child Abuse, Abandonment or Neglect in violation of Idaho Code section 16-1607;

---

[3] McCreery asks this Court to take judicial notice that on December 7, 2021, the criminal charges against her in Idaho State District Court Canyon County Case No. CR14-19-11336 pertaining to her alleged abuse and neglect of B.M. were dismissed by the court. However, McCreery's criminal charges have not been dismissed; rather, McCreery's criminal case was dismissed because her probation has been terminated and criminal proceedings have closed. McCreery pleaded guilty to child abuse on December 19, 2019, and later made a "motion to set aside guilty plea" on December 7, 2021. The criminal court denied McCreery's motion to set aside her guilty plea, so her judgment of conviction remains.

COUNT III (Dr. King, Dr. Barton, and Detective Pon): Wrongful Interference with Fourteenth Amendment Right to Family Relationships by Removing Child from Parent absent Imminent Danger and without a Court Order;

COUNT IV (prosecutor Dodge): Fourteenth Amendment Right to be Free from Deception in the Presentation of Evidence in a CPS Case;

COUNT V (Dr. King, Dr. Barton, Teresa Torres): Fourteenth Amendment Right to be Free from Deception in the Presentation of Evidence in a CPS Case.

In general, McCreery alleged defendants failed to report alternative reasons for B.M.'s low weight, and failed to disclose positive interactions other doctors described having with B.M.

On July 14, 2021, the district court entered a memorandum decision on defendants' motions to dismiss. The district court dismissed all of McCreery's claims with prejudice after concluding defendants were immune from liability and that the allegations in McCreery's complaint failed to state any valid claim upon which relief could be granted.[4] That said, because McCreery "argue[d] she intended to bring a different claim against Ms. Torres," the court allowed her 14 days to file a motion to amend. The court required McCreery to "include a proposed amended pleading that include[d] a short and plain statement of the claim against Ms. Torres with her motion if she wishe[d] to assert a different claim for why Ms. Torres should be liable to Plaintiff for the judge's decision to deprive Plaintiff of custody of Plaintiff's son."

On July 28, 2021, McCreery filed the motion to amend, requesting leave to file a fourth amended complaint. On September 15, 2021, she filed a "corrected" motion to amend, omitting the pro hac vice attorneys who were previously representing her. Both the motion to amend and corrected motion to amend were filed with McCreery's proposed fourth amended complaint attached. The fourth amended complaint: (1) reasserted counts against defendants that had been dismissed with prejudice; (2) alleged additional facts; (3) added another claim alleging a Fourteenth Amendment Deliberate Fabrication of Evidence claim against Dr. King, Dr. Barton,

---

[4] We note that the Idaho Rules of Civil Procedure require courts to treat a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment when they consider matters outside the pleadings. *Paslay v. A&B Irrigation Dist*., 162 Idaho 866, 870, 406 P.3d 878, 882 (2017) (citing I.R.C.P. 12(d); *McCann v. McCann*, 152 Idaho 809, 814, 275 P.3d 824, 829 (2012)). Here, the district court erred in considering the defendants' affirmative defenses without converting the Rule 12(b)(6) motions to a summary judgment standard. Ordinarily, where a Rule 12(b)(6) standard is inappropriate, as it was here, this Court can review the record presented on a summary judgment basis *de novo*. *Paslay*, 162 Idaho at 870, 406 P.3d at 882. However, as explained in more detail in this opinion, the way McCreery has presented her arguments on appeal prevents this Court from conducting such a review.

Torres, and Detective Pon; and (4) attempted to add two more parties—St. Luke's Regional Medical Center and the Idaho Department of Health and Welfare.

Torres opposed the motion to amend, arguing the new claim was invalid. The other defendants also opposed McCreery's motion, citing the fact they had already been dismissed from the case with prejudice; thus, any motion to amend would be futile. On October 22, 2021, the district court entered a memorandum decision denying McCreery's motion to amend. The court then entered a final judgment dismissing McCreery's complaint(s) with prejudice as to all defendants. McCreery timely appealed, arguing the district court erred in dismissing her claims.

## II. STANDARDS OF REVIEW

### A.    Motion to Dismiss

Idaho Rule of Civil Procedure 12(b)(6) allows a court to dismiss a claim if the plaintiff "fail[s] to state a claim upon which relief can be granted[.]" I.R.C.P. 12(b)(6). A district court's dismissal of a complaint under Rule 12(b)(6) is reviewed *de novo. Fulfer v. Sorrento Lactalis, Inc.*, 171 Idaho 296, 520 P.3d 708, 712 (2022) (citing *Paslay v. A&B Irrigation Dist.*, 162 Idaho 866, 868, 406 P.3d 878, 880 (2017)).

> A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated. On review of a dismissal, this Court determines whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief. In doing so, the Court draws all reasonable inferences in favor of the non-moving party.

*Id*. (quoting *Hammer v. Ribi*, 162 Idaho 570, 572, 401 P.3d 148, 150 (2017)). "[C]ourts are not required, however, to deem legal conclusions as admitted merely because they were plead [sic] as factual allegations." *CMJ Properties, LLC v. JP Morgan Chase Bank, N.A.*, 162 Idaho 861, 863, 406 P.3d 873, 875 (2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B.    Motion to Amend

"The Court reviews a district court's decision to grant or deny a motion to amend for abuse of discretion." *DAFCO LLC v. Stewart Title Guar. Co.*, 156 Idaho 749, 753, 331 P.3d 491, 495 (2014) (quoting *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991)).

> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of *four* essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards

6

applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (emphasis in original).

The boundaries of that discretion require that "[t]he court should freely give leave when justice so requires." I.R.C.P. 15(a)(2). Further, that discretion permits the trial court to consider "whether the amended pleading sets out a valid claim, whether the opposing party would be prejudiced by any undue delay, or whether the opposing party has an available defense to the newly added claim. The court may not, however, weigh the sufficiency of the evidence related to the additional claim." *Atwood v. Smith*, 143 Idaho 110, 115, 138 P.3d 310, 315 (2006) (quoting *Spur Products Corp. v. Stoel Rives LLP*, 142 Idaho 41, 122 P.3d 300, 303 (2005)).

### III. ANALYSIS

### A.    McCreery failed to preserve her arguments for appeal.

McCreery summarizes her appeal as addressing "whether the trial court properly dismissed all of plaintiff/respondents' [sic] claims under I.R.C.P. 12(b)(6)." Then, in arguing that the district court erred in granting defendants' Rule 12(b)(6) motions to dismiss, McCreery relies on facts and claims alleged in her proposed *fourth* amended complaint. Critically, the motions to dismiss were based on McCreery's *third* amended complaint. In its memorandum decision on defendants' Rule 12(b)(6) motions, the district court dismissed all claims against Dr. King, Dr. Barton, Detective Pon, and prosecutor Dodge with prejudice. The court also dismissed the claim pleaded against Torres in the third amended complaint with prejudice but allowed McCreery the opportunity to amend the complaint to add a new claim against Torres.

McCreery filed a motion to amend the third amended complaint (later filing a corrected motion to amend with a proposed fourth amended complaint attached as an exhibit) under Idaho Rule of Civil Procedure 15(a)(2) and (d). The motion (1) reasserted counts against defendants that had been dismissed with prejudice; (2) alleged additional facts; (3) added another claim alleging a Fourteenth Amendment Deliberate Fabrication of Evidence against Dr. King, Dr. Barton, Torres, and Detective Pon; and (4) attempted to add two more parties: St. Luke's Regional Medical Center and the Idaho Department of Health and Welfare. The district court denied McCreery's motion.

An issue identified on appeal by McCreery states:

7

Did the district court incorrectly apply the appropriate standard for assessing the facts and claims of the Appellant/Plaintiff under a I.R.C.P §§ 12(b)(6) Motion to Dismiss and 15(b)(2)[5] Motion to Amend?

Later, in support of her argument that the district court erred in granting defendants' motions to dismiss, which were based on the third amended complaint, McCreery fatally relies exclusively on the facts and allegations in the *fourth* amended complaint:

At issue on appeal is whether McCreery had sufficiently plead[ed] facts in support of her claims against the respective defendants/respondents. Because McCreery's proposed Fourth Amended Complaint was denied on the merits, this final attempt at a modified complaint becomes the operative document for this Court's review on appeal. The defendants/respondents['] respective Rule 12(b)(6) motions set forth several basis [sic] and affirmative defenses for dismissing appellant[']s complaints. However, the district court addressed and ruled on some of the defendants/respondents' various basis [sic], but not others. As such, this appeal only addresses the issues ruled on by the district court.

McCreery's analysis created significant confusion for Respondents and this Court, as different standards of review apply to a motion to dismiss and a motion to amend. A district court's dismissal of a complaint under Rule 12(b)(6) of the Idaho Rules of Civil procedure "shall be reviewed *de novo*." *Fulfer*, 171 Idaho at 300, 520 P.3d at 712. On the other hand, "the denial of a plaintiff's motion to amend a complaint to add another cause of action is governed by an abuse of discretion standard of review." *Est. of Becker v. Callahan*, 140 Idaho 522, 527, 96 P.3d 623, 628 (2004) (quoting *Thomas v. Medical Ctr. Physicians, P.A.*, 138 Idaho 200, 210, 61 P.3d 557, 567 (2002)). A court may consider whether the allegations sought to be added to the complaint state a valid claim in determining whether to grant leave to amend the complaint. *Id.*

Although McCreery would have to argue the viability of any new allegations in the fourth amended complaint to argue that the district court abused its discretion in denying her motion to amend, she failed to follow this procedure. Instead, McCreery focuses on the facts and causes of action alleged in the fourth amended complaint as if the motion to amend had been granted and the complaint actually filed, claiming it is the operative document for this Court's review on appeal. McCreery's reliance on allegations presented in her fourth amended complaint, while disputing the district court's dismissal of claims raised in her third amended complaint,

---

[5] Rule 15(b)(2) pertains to "Amendments During and After Trial." The subsection cited by McCreery allows amendment "For Issues Tried by Consent." I.R.C.P. 15(b)(2). There was no trial in this case, and thus subsection (b)(2) is not applicable. Below, McCreery indicated her motion to amend was based on Idaho Rule of Civil Procedure 15(a)(2) and (d).

complicates this Court's ability to resolve what arguments have been preserved for review and is a fatal defect.

For example, at several points on appeal McCreery alleges that Dr. King acted under color of state law because she is a CARES investigator:

- Dr. King is "a physician in Ada County who treated B.M., acting under color of state law as a "Children at Risk Evaluation Services" (CARES) investigator)";
- "Dr. King['s] and Dr. Barton's involvement as CARES evaluation [sic] with immediate consequences, i.e. being separated from her son and the seizure of medical information by law enforcement officers without a warrant."

However, the allegation that Dr. King was "acting under color of state law" in her capacity as a CARES worker is notably absent from the third amended complaint. McCreery's third amended complaint acknowledged that Dr. King saw B.M. at Saint Alphonsus, not St. Luke's, and that Dr. King is *not* a CARES worker. *See State v. Christensen*, 166 Idaho 373, 375, 458 P.3d 951, 953 (2006) (explaining that *St. Luke's* Children and Evaluation Services seeks to provide evaluation and treatment of abused and neglected children) (emphasis added).

Another example arises when McCreery attempts to argue Dr. Barton and Dr. King are "quite clearly state actors" based on two CARES documents attached to her fourth amended complaint. In making these arguments, McCreery does not acknowledge that those exhibits were not presented to or reviewed by the district court when it ruled on defendants' motions to dismiss the third amended complaint. Similarly, McCreery cites allegations made in the fourth amended complaint to argue that she sufficiently alleged a claim of conspiracy that should have survived Dr. Barton's motion to dismiss:

> In particular, [McCreery] describes a very specific scheme deployed by CARES and the employer entities of the respondents to subvert or bypass parental rights, as well as to shield themselves from accountability and scrutiny in the process. Again, all of these allegations must be considered true for the purposes of Rule 12(b)(6) and this appeal.

McCreery's reliance on these allegations is misplaced. Because the proposed fourth amended complaint contained new allegations that were not in the third amended complaint, the district court's dismissal was not, and could not have been, based on those allegations.

In an effort to salvage her appeal, McCreery suggests that Idaho's liberal notice pleading standards allow this Court to review these matters de novo. In support, McCreery cites this Court's

9

prior recognition that "the amendment of the complaint supersedes the original complaint and all subsequent proceedings are based upon the amended complaint." *Hammer v. Ribi*, 162 Idaho 570, 573, 401 P.3d 148, 151 (2017) (quoting *Weinstein v. Prudential Property and Cas. Ins. Co.*, 149 Idaho 299, 330, 233 P.3d 1221, 1252 (2010)). "[T]he general rule is that 'the amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Id.* (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997)). McCreery overlooks the fact that her motion to amend the third amended complaint was not granted. Accordingly, the fourth amended complaint never superseded the third amended complaint, and the district court could not have denied amendment of the third amended complaint "purely on the merits" despite McCreery's suggestions otherwise.

McCreery may not merge the allegations and argument of two distinct and separate motions on appeal. If McCreery intended to utilize the allegations raised in the fourth amended complaint, she was obligated to analyze whether the district court abused its discretion in denying her motion to amend. She has not done so. "Failing to demonstrate that an abuse of discretion occurred under any part of the test . . . is fatal to [an] argument that the [trial] court abused its discretion." *Gilbert v. Radnovich*, 171 Idaho 566, 524 P.3d 397, 413 (2023) (quoting *Smith v. Smith*, 167 Idaho 568, 584, 473 P.3d 837, 853 (2020)). Other than identifying that Rule 15 motions to amend are reviewed for an abuse of discretion in her standard of review, McCreery does not attempt to argue that the district court abused its discretion.

Ultimately, the appellant bears the burden of proving error on appeal. *Dorr v. Idaho Dep't of Lab.*, 171 Idaho 306, 520 P.3d 1266, 1269 (2022) (citing *Allen v. Campbell*, 169 Idaho 125, 129–30, 492 P.3d 1084, 1088–89 (2021)). Idaho Appellate Rule 35(a)(6) requires an appellant's argument be supported by citations to the authorities, statutes and parts of the transcript and record relied on. McCreery's sole reliance on facts and allegations in the fourth amended complaint operates as a complete waiver of review of the trial court's dismissal of the third amended complaint. Accordingly, we affirm the district court's judgment dismissing McCreery's claims against all Respondents.

**B.      Dr. King, Dr. Barton, and Torres are awarded attorney fees on appeal.**

Dr. King, Dr. Barton, and Torres request attorney fees under Idaho Code section 12-121. Dr. Barton and Torres also request attorney fees under 42 U.S.C. section 1988. Section 12-121 provides, "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing

10

party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Such fees are awarded where arguments do not meaningfully apply existing precedent or are implausible. *Asher v. McMillan*, 169 Idaho 701, 711, 503 P.3d 172, 182 (2021). This Court has also found fees under section 12-121 to be appropriate when there is no argument as to how the trial court abused its discretion. *Hunt v. Hunt*, 137 Idaho 18, 23, 43 P.3d 777, 782 (2002) ("Where issues of discretion are involved, an award of attorney fees is proper if the appellant fails to make a cogent challenge to the judge's exercise of discretion."). Similar to Idaho Code section 12-121, a prevailing defendant under 42 U.S.C. section 1988 may be awarded attorney fees if the plaintiff's action was frivolous, unreasonable, or without foundation. *Nation v. State, Dept. of Correction*, 144 Idaho 177, 194, 158 P.3d 953, 970 (2007).

By claiming the fourth amended complaint is the operative document on appeal, McCreery's arguments should have detailed how the district court abused its discretion in denying her motion to amend. McCreery included no discussion of the abuse of discretion standard. Instead, McCreery focuses on the merits of the district court's dismissal of her third amended complaint, using claims and documents in her fourth amended complaint. McCreery may not merge the allegations and argument of two distinct and separate motions on appeal. Thus, the foundation of her appeal was fatally flawed from the beginning. Accordingly, we conclude that McCreery's arguments are frivolous and without foundation. As a result, we award attorney fees under Idaho Code section 12-121 and 42 U.S.C. section 1988 to Dr. King, Dr. Barton, and Torres.

## IV. CONCLUSION

We affirm the district court's judgment dismissing claims against Respondents with prejudice. We award attorney fees and costs on appeal to Dr. King, Dr. Barton, and Torres under Idaho Code section 12-121 and 42 U.S.C. section 1988. Pon and Dodge, who did not seek attorney fees on appeal, are entitled to costs as a matter of right as prevailing parties.

JUSTICES BRODY, STEGNER, MOELLER, and JUDGE MELANSON, *pro tem*, CONCUR.