**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 52008**

| | | |
|---|---|---|
| In the Matter of the Estate of:<br>Glenna Mae Wylie-Nelson, Deceased. | ) ) | |
| -------------------------------------------------- | ) | Coeur d'Alene, September 2025 |
| LARRY T. NELSON, | ) | Term |
| | ) | |
|    Petitioner-Appellant, | ) | Opinion filed: January 6, 2026 |
| | ) | |
| v. | ) | Melanie Gagnepain, Clerk |
| | ) | |
| LESLIE H. WYLIE, TERESE L. WYLIE, and<br>SHANELLE R. WYLIE, Co-Personal<br>Representatives of the Estate of Glenna Mae<br>Wylie-Nelson, | ) ) ) ) | |
| | ) | |
|    Respondents-Respondents on Appeal. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Susie D. Jensen, District Judge.

The judgment of the district court is <u>vacated</u>, its orders denying leave to amend and awarding attorney fees to Respondents are <u>reversed</u>, and the case is <u>remanded</u>.

Riverside NW Law Group, PLLC, Spokane, Washington, for Appellant. Brennan J. Schreibman argued.

Lake City Law Group PLLC, Sandpoint, for Respondent Terese L. Wylie and Shanelle R. Wylie. Zachary W. Jones argued.

Finney Finney & Finney, PA, Sandpoint, for Respondent Leslie H. Wylie. John A. Finney argued.

---

MOELLER, Justice.

This appeal concerns whether the Trust and Estate Dispute Resolution Act ("TEDRA"), I.C. §§ 15-8-101 to -305, provides district courts with subject matter jurisdiction to address legal issues associated with an ongoing probate action. When Glenna Mae Wylie-Nelson died, her Last Will and Testament left her husband, Larry T. Nelson, a life estate in the home and two lots ("the

1

Property") they shared.[1] In the event of Larry's death or sale of the Property, the remainder would go to Leslie H. Wylie ("Leslie"), Glenna Mae's son from her previous marriage. Although the Property was Glenna Mae's separate property, Larry and Glenna Mae lived there together for over three decades. Larry maintains that certain maintenance and improvements to the Property, as well as property taxes, were paid with community property funds.

While Glenna Mae's probate proceedings were ongoing in the magistrate court, Larry filed a separate petition under TEDRA in the district court seeking to recover the value of his "community-property portion of the Property" through a partition by sale. Leslie and the Estate of Glenna Mae Wiley-Nelson ("the Estate") moved to dismiss the TEDRA case. The district court determined that it did not have jurisdiction to hear the case under TEDRA, even after Larry sought to amend his petition to add additional complying claims. The district court denied his motion for leave to amend his petition and dismissed the petition without prejudice. It then awarded attorney fees to Respondents. For the reasons explained below, we vacate the judgment of the district court and reverse the associated orders.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Larry and Glenna Mae were married for 35 years before she passed away in 2022. Prior to her marriage with Larry, Glenna Mae was married to Les Wylie, whom she wed in 1954. In 1976, Les gifted the Property, which is the subject of this dispute, to Glenna Mae in fee simple. The Property is located in Priest River, Idaho, and consists of a home and two adjoining parcels. It was worth approximately $40,000 at the time of the gift.

Les passed away in 1982. Five years later, Glenna Mae married Larry and he moved into the house on the Property with her. They resided together in the house until Glenna Mae's passing in 2022. During these 35 years, Larry performed regular maintenance and repairs on the Property. Among other things, he claims that he replaced the roof on the house, installed an underground sprinkler system, restored the basement after a flood, painted the house multiple times, and removed snow from the property. According to Larry, all the maintenance and improvements, along with the property taxes, were paid with community property funds.

Glenna Mae died testate in 2022. Her Last Will and Testament (the "Will") named Terese Wylie and Shanelle Flavel as co-personal representatives. The Will conveyed the lot with the house

---

[1] Since Glenna Mae Wylie-Nelson, Larry Nelson, and other family members involved in this matter share similar surnames, they will be referred to by their given names to avoid confusion.

where Larry and Glenna Mae lived to Leslie, Glenna Mae's son from her previous marriage, but reserved a life estate for Larry. The Will also allowed for the Property to be sold during the period of Larry's life estate, provided both Larry and Leslie consented. The provision in question reads:

> I hereby declare that my home located at 207 4th Street in Priest River, Idaho, more particularly described as follows:
>
> [Legal description omitted]
>
> Shall be deeded to my son, **LESLIE H. WYLIE**: RESERVING HOWEVER, a life estate for my husband, **LARRY T. NELSON**, during the entirety of his life, who shall be entitled to the full use and enjoyment of the Property and the improvements thereon for so long as he shall live. Upon the death of **LARRY T. NELSON**, the property shall transfer to **LESLIE H. WYLIE**, the same to be his sole and separate property. In the event **LARRY T. NELSON** and **LESLIE H. WYLIE** should choose to sell the home during the lifetime of **LARRY T. NELSON**, then in such event, **LESLIE H. WYLIE** shall receive the first Forty Thousand Dollars ($40,000.00) of the proceeds from any such sale, and the then remaining proceeds shall be equally divided between **LARRY T. NELSON** and **LESLIE H. WYLIE**.

The Will separately devised the bordering but undeveloped lot entirely to Leslie. Following Glenna Mae's death, a Petition for Informal Probate of Will and Informal Appointment of Co-Personal Representatives was filed on February 14, 2023.

This dispute arose when Larry approached Leslie about selling the Property. Leslie declined the proposal, maintaining that Larry had no interest in the Property beyond his life estate granted in the Will. Thereafter, in May 2023, Larry filed a separate petition for judicial proceedings under TEDRA in district court "seeking to recover the value of his community-property portion of the Property . . . ." Larry sought construction of the Will and "a declaration of [his] rights and legal relations thereunder . . . ." He contended that the Property "belong[s] to the community." He also requested "partition by sale" to compensate him for the "community property portion of the Property"; i.e., the increase in the Property's value attributable to community funds and effort.

On June 5, 2023, Leslie filed a notice of special appearance and moved to dismiss Larry's petition under "[Idaho Rules of Civil Procedure] 12(b)(1), (2), (3), (4), (5), (6), and/or (8) and 12(c)." On February 13, 2024, Glenna Mae's estate, through its co-personal representatives, also moved to dismiss Larry's petition. The Estate asserted that Larry failed to state a claim upon which relief could be granted, as the petition did not allege facts sufficient to prove "transmutation of property" under Idaho law. The Estate also asserted that the district court "lack[ed] jurisdiction" over the petition.

In apparent recognition of the deficiencies in his petition, Larry sought leave to amend his petition to add a claim for "declaratory judgment and injunctive relief determining the value of his claim in the community property portion of the Property and directing the [Estate] to compensate [him] for the value of that claim . . . ." He also sought to add claims against the co-personal representatives of the Estate for renting the Property without his consent while his claim was ongoing. He removed his request for a partition by sale and abandoned his "informal transmutation of real property" claim.

The district court considered the Estate's motion to dismiss and Larry's motion for leave to amend. It granted the Estate's motion to dismiss and denied Larry's motion for leave to amend his petition. Ruling from the bench, the district court stated the following:

> [A]t this time, I do agree with the [E]state. I do not think -- while Mr. Nelson may have contributed to the property and incurred some community property increase in value, I do think that the proper forum for that is in the probate case. I am not convinced that I have jurisdiction at this time. And I do think that a declaratory judgment would be premature in any case.
>
> . . . .
>
> So at this time, I do not find that I have jurisdiction under TEDRA to hear this matter, and I do not find -- as I said before, I do find that the initial petition was flawed and would warrant dismissal. And I do not find that the proposed amended petition cures those defects to an extent that would allow this to continue.

The district court subsequently memorialized its ruling in a written order and entered final judgment on May 22, 2024.

Leslie and the Estate (collectively "Respondents") requested attorney fees, which Larry opposed. On June 12, 2024, the district court awarded Respondents attorney fees under both TEDRA and Idaho Code section 12-121. Larry timely appealed.

## II.    STANDARDS OF REVIEW

"Whether a trial court had subject matter jurisdiction over a proceeding is an issue of law that this Court reviews de novo." *Sentry Dynamics, Inc. v. Ada County*, 175 Idaho 663, ___, 569 P.3d 484, 489 (2025) (quoting *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015)). This includes "free review over jurisdictional issues," such as "whether dismissal for lack of jurisdiction was properly granted." *Nemeth v. Shoshone County*, 165 Idaho 851, 854, 453 P.3d 844, 847 (2019) (quoting *Paslay v. A&B Irrigation Dist.*, 162 Idaho 866, 868, 406 P.3d 878, 880 (2017)).

Idaho Rule of Civil Procedure 15 affords parties the right to amend their pleadings "with the opposing party's written consent or the court's leave. The court should freely give leave when

4

justice so requires." I.R.C.P. 15(a)(2). "A district court's denial of a plaintiff's motion to amend their complaint is governed by an abuse of discretion standard of review." *Elliott v. Murdock*, 161 Idaho 281, 286, 385 P.3d 459, 464 (2016) (citation omitted). Under the abuse of discretion standard, this Court asks whether the trial court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III. ANALYSIS

The district court held that it did not have subject matter jurisdiction to consider Larry's original petition under TEDRA. It also denied Larry's motion to amend the petition on the grounds that the proposed amended petition did not cure this deficiency. Thus, the district court's decisions to dismiss Larry's petition, deny him leave to amend his petition, and grant attorney fees to Respondents all turn on its conclusion that it lacked jurisdiction under TEDRA. We will address each ruling in turn.

### A. The district court erred in dismissing Larry's petition for a lack of jurisdiction.

"The purpose of TEDRA is to provide nonjudicial methods for the resolution of estate and trust matters by agreement." *Vouk v. Chapman*, 171 Idaho 324, 336, 521 P.3d 712, 724 (2022) (citing I.C. § 15-8-101(2)). However, TEDRA also provides for judicial resolution of estate and trust matters, stating "that any party may have a judicial proceeding *for the declaration of rights or legal relations* with respect to any 'matter' defined in section 15-8-103, or with respect to the resolution of any other case or controversy." *Id.* (citing I.C. § 15-8-201(1)(a), (b)). Under TEDRA, a "matter" is broadly defined as:

(a) The determination of any class of creditors, devisees, legatees, heirs, next of kin, or other persons interested in an estate, trust, nonprobate asset, or with respect to any other asset or property interest passing at death;

(b) The direction of a personal representative or trustee to do or to abstain from doing any act in a fiduciary capacity;

(c) *The determination of any question arising in the administration of an estate* or trust, or with respect to any nonprobate asset, *or with respect to any other asset or property interest passing at death,* that may include, without limitation, questions relating to:

(i) The construction of wills, trusts, devolution agreements, and other writings[.]

I.C. § 15-8-103(1)(a)–(c)(i) (emphasis added).

5

TEDRA further provides that courts have "full and ample power and authority under [Idaho Code title 15, chapter 8] to administer and settle: . . . [a]ll matters concerning the estates and assets of incapacitated, missing, and deceased persons, including matters involving nonprobate assets and powers of attorney, in accordance with this chapter[.]" I.C. § 15-8-102(1)(a). Additionally, "[a] judicial proceeding under this chapter may be commenced as a new action or as an action incidental to an existing judicial proceeding relating to the same trust or estate or nonprobate asset." I.C. § 15-8-202(2). "Once commenced, the action may be consolidated with an existing proceeding or converted to a separate action upon the motion of a party for good cause shown, or by the court on its own motion." I.C. § 15-8-202(3).

The plain language of TEDRA grants district courts broad jurisdiction to resolve trust and estate matters. This includes the explicit authority to administer and settle matters concerning deceased persons' estates and assets. I.C. § 15-8-102(1)(a). Additionally, this Court has noted that "if TEDRA is ever 'inapplicable, insufficient or doubtful' as to the settlement of trust and estate matters, the court 'has full power and authority to proceed with such administration and settlement in any manner and way that to the court seems right and proper[.]' " *Frizzell v. DeYoung*, 163 Idaho 473, 479, 415 P.3d 341, 347 (2018) (quoting I.C. § 15-8-102(2)).

The Respondents assert that Larry's amended petition did not raise any claims within the definition of a "matter" as set forth in TEDRA. They note that his amended petition does not allege a cause of action relating to the "construction of [the] [W]ill," one of the enumerated issues over which TEDRA provides a court jurisdiction. However, while TEDRA sets forth a list of issues over which a court has jurisdiction, including the construction of a will, the list is not exhaustive. Instead, the statute states that a petitioner "may have a judicial proceeding for the declaration of rights or legal relations" with respect to "[t]he determination of *any question* arising in the administration of an estate or trust, or with respect to any nonprobate asset, or with respect to any other asset or property interest passing at death, *that may include, without limitation*, questions relating to [the list of enumerated questions]." I.C. § 15-8-103(1)(c); *see also* I.C. § 15-8-201(1)(a) (emphasis added). Larry's amended petition requested a declaratory judgment regarding his interest in an asset devised by the Will. This falls squarely within the boundaries of a question pertaining to the "administration of an estate" or an "asset or property interest passing at death." I.C. § 15-8-103(1)(c).

6

The Estate maintains that "[t]he fundamental flaw in [Larry's] position is that the [P]ropert[y] at issue [is] indisputably Decedent's separate property." However, this argument conflates the merits of Larry's claims with the district court's jurisdiction to consider them under TEDRA in the first instance. The Estate further argues that Larry's claims do not "create TEDRA jurisdiction or transform the fundamental character of the [P]ropert[y]" because Larry does not have ownership interest in the Property, and instead only has "claims for reimbursement based on community contributions." Essentially, the Estate maintains that the district court lacked jurisdiction because it "could not grant relief that would effectively override both established property law and [Glenna Mae]'s testamentary intent."

Based on the plain language of TEDRA, we conclude that the district court had subject matter jurisdiction over the claims raised in Larry's original and amended petition. "At its core, TEDRA provides a statutory cause of action for a declaratory judgment." *Vouk*, 171 Idaho at 336, 521 P.3d at 724. Here, even if the request for a "declaration of rights" in the original petition was somehow insufficient, Larry's proposed amended petition explicitly sought a declaratory judgment regarding his interest in the community property portion of the Property. This falls within the definition of a "matter" as defined by TEDRA—namely, "[t]he determination of any question arising in the administration of an estate . . . or with respect to any other asset or property interest passing at death . . . ." I.C. § 15-8-103(1)(c). The question of whether Larry has a property interest in the Property and, if so, the extent of that interest, is certainly a question with respect to an "asset or property interest passing at death[.]" *Id.* Additionally, because it raises issues pertaining to the distribution of the Property in the Estate, it is also a question "arising in the administration of an estate[.]" *Id.*

It bears repeating that "[a]t its core, TEDRA provides a statutory cause of action for a declaratory judgment." *Vouk*, 171 Idaho at 336, 521 P.3d at 724. Larry sought a declaratory judgment that he holds a community property interest in the Property, and that he is entitled to reimbursement for that interest. Even if the district court believed that Larry was unlikely to prevail, the plain language of TEDRA provides the district court with jurisdiction to consider his claim for a declaratory judgment. Whether Larry would ultimately succeed on that claim is not a question of jurisdiction—it is grounded on the merits of the claim itself. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."). Of course, a

7

petition might fail on other grounds, such as failing to state a claim upon which relief can be granted under Rule 12(b)(6). Or perhaps a respondent could successfully seek judgment on the pleadings under Rule 12(c). Regardless of the procedural options available to Respondents, the possibility that Larry may not prevail on the merits does not deprive the district court of jurisdiction to consider his claim in the first instance under TEDRA.

For the forgoing reasons, we conclude that TEDRA conferred the district court with jurisdiction to address Larry's claims. Therefore, the district court erred in dismissing Larry's petition on jurisdictional grounds.

## B. The district court erred in denying Larry's motion for leave to amend his petition.

After concluding that it did not have jurisdiction, the district court denied Larry's motion for leave to amend his original petition. It based that decision on its conclusion that, even with the amendments to the petition, the court still did not have subject matter jurisdiction over the dispute based on TEDRA. It explained that the proposed amended petition did not "cure[] those defects to an extent that would allow this to continue," and denied the motion to amend.

When reviewing a district court's decision to grant or deny a motion to amend for an abuse of discretion, the "boundaries of that discretion require that '[t]he court should freely give leave when justice so requires.' " *McCreery v. King*, 172 Idaho 598, 604, 535 P.3d 574, 580 (2023) (alteration in original) (quoting I.R.C.P. 15(a)(2)). "[T]hat discretion permits the trial court to consider 'whether the amended pleading sets out a valid claim, whether the opposing party would be prejudiced by any undue delay, or whether the opposing party has an available defense to the newly added claim.'" *Id*. (quoting *Atwood v. Smith*, 143 Idaho 110, 115, 138 P.3d 310, 315 (2006)). "The court may not, however, weigh the sufficiency of the evidence related to the additional claim." *Id*. (quoting *Atwood*, 143 Idaho at 115, 138 P.3d at 315).

As we explained above, the amended pleading set forth a permissible claim under TEDRA, and no facts in the record suggest that the Respondents would have been prejudiced if the district court had granted Larry's motion to amend. Aside from its jurisdictional concerns, the court cited no other reason for denying the motion to amend. More importantly, the district court misapplied the law relating to jurisdiction under TEDRA, and on that basis denied the motion to amend because the proposed amended petition would not cure the jurisdictional defect. Therefore, it did not act "consistently with the legal standards applicable to the specific choices available to it." *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. For these reasons we conclude that the district court

erred in denying leave to amend notwithstanding the "liberal standard contained in [Rule] 15 for granting leave[.]" *Zeyen v. Pocatello/Chubbuck School Dist. No. 25*, 165 Idaho 690, 696, 451 P.3d 25, 31 (2019).

### C. The district court erred in awarding attorney fees under Idaho Code section 12-121 and section 15-8-208.

The district court granted both the Estate and Leslie reasonable attorney fees under Idaho Code sections 12-121 and 15-8-208. Because the district court erred in dismissing Larry's petition for a lack of jurisdiction and in denying his motion to amend the complaint, we conclude that the district court also erred in awarding attorney fees to the Respondents under either statute.

### D. Respondents are not entitled to attorney fees on appeal.

Respondents have requested attorney fees on appeal. Because they did not prevail in this appeal, we decline to award attorney fees under Idaho Code section 12-121. Likewise, we decline to award attorney fees to either party under TEDRA (Idaho Code section 15-8-208) because the merits of the case have not yet been considered and it is unclear who will ultimately prevail.

If Larry prevails at the conclusion of the case following remand, then the district court in its discretion may grant him attorney fees for prevailing in this appeal. *See Portfolio Recovery Assocs., LLC. v. MacDonald*, 162 Idaho 228, 236, 395 P.3d 1261, 1269 (2017) ("Where there is no present prevailing party, this Court has refused to award attorney[] fees. If [the appellant] is ultimately the prevailing party, then the trial court may award him attorney[] fees for this appeal." (internal citation omitted)).

## IV.  CONCLUSION

We vacate the district court's judgment dismissing Larry's petition, reverse its denial of his motion for leave to amend the petition, and reverse its order granting attorney fees to the Estate and Leslie. This matter is remanded to the district court for further proceedings consistent with this opinion. As the prevailing party, Larry is awarded costs on appeal as a matter of course. I.A.R. 40(a).

Chief Justice BEVAN, Justices BRODY, ZAHN, and MEYER CONCUR.

9